Gaston, Judge.
 

 It is the established law of the Ecclesiastical Courts, in all suits of divorce or suits for the restitution of conjugal rights, as soon as the Court is judicially informed that the fact of marriage has taken place, that it is competent for the wife to apply for alimony, pending the suit. But it by no means follows, that when our legislature authorized judicial proceedings to be instituted for obtaining divorces, they designed that the tribunals invested with this authority, should pursue this usage oljthe Ecclesiastical Courts; and without satisfactory evidence of such legislative intention, we cannot infer it. We do not
 
 *378
 
 discover in the original act with respect to divorces, act of 1814,
 
 (Rev. c.
 
 869,) or in any of the various supplementary acts thereto*, any adoption, by reference, of the usages and forms of the Ecclesiastical Courts. The legislature has undertaken t?y these acts to make a system out and out, setting forth the causes for divorce, either from the bonds of matrimony, or from bed and board; defining the the mode of preferring the ’complaint, of making defence thereto, of procuring proofs, and of trying the facts; declaring the effects and consequences of the decree, and prescribing the cases in which alimony is to be allowed. We think, therefore, that if a power exists for granting the application made in this case, it must be collected either from the express enactments, or from the general scope of these statutes.
 

 There1 is no enactment which expressly confers the power; and those which are express on the subject of alimony, seem rather to deny than grant it. The first section of the act of 1814, contains an enumeration of the causes on which it may be lawful for the injured person to obtain a divorce either from bed and board, or the Bonds of matrimony, at the discretion of the Court'; and the 4'th section declares it lawful upon the hearing to determine the petition as to law and justice shall appertain, either by dismissing the petition, or decreeing a divorce from nuptial ties'; and provides that “ in the case of general divorce upon the petition of the wife,” the Court shall have power to decree alimony to her. The 5th section^specifies certain causes which shall be sufficient to warrant a decree in favour of the wife, for a divorce from bed and board, and declares that it shall be lawful, upon complaint and due proof made in manner aforesaid, to grant a divorce from bed and board, and also to allow her such alimony as her husband’s circumstances will admit. These provisions are evidently restricted to the decreeing of alimony upon the final hearing.
 

 The act of 1814, contained a provision, that no sentence of divorce from the bonds of matrimony should be valid, until ratified by the General Assembly; and the 11th section of the act which points out the mode in which a
 
 *379
 
 decree for alimony shall be enforced, expressly provides, that no process shall issue to carry such decree into execution, until the decree shall have been ratified by the General Assembly. This provision is limited, we presume, to decrees for alimony connected with a decree of a divorce from nuptial bonds, but it is nevertheless indicative of the legislative understanding, that alimony was not allowed until the final hearing of the cause. ,.
 

 There were provisions in the act of 1814, which bore with peculiar hardship on the wife; and as practice under the act brought these to notice, they were subsequently repealed or modified. The act of 1814, imposed a tax of ten pounds, upon the party cast in a petition for a divorce; and required of the petitioner in every case, to find adequate security to respond the costs of suit, before the suing out of process. But the act of 1824, repeals the tax, and dispenses with the bond whenever the petitioned shall make oath that he or she is not worth the sum of two hundred dollars.
 

 The acts subsequent to that of 1814, have made also peculiar provisions for the benefit of the wife. The act of 1819
 
 (Rev. c.
 
 1007,) gives to her, when obtaining a decree of separation from bed and board, the capacity to acquire, retain, and dispose, of all such property as might be procured by her industry, or accrue to her in any other way, free from the dominion or control of her husband; and makes the property, on her death without a disposition thereof by her, transmissible to her heirs and next of kin.
 

 Since the passing of the act of 1814, as far as we are informed, no practice has obtained, when the wife sued for a divorce, of making allowances for alimony previously to a decree upon the hearing; and it can scarcely be doubted but that such a practice would have prevailed, had it been supposed to be authorized, or that the legislature, while acting from time to time, in order to render redress to injured wives more ample and more easy, would have authorized such allowances, if they conceived it proper that they should be made.
 

 It may be, that inconveniences are sometime sustained by an injured woman, while suing for a separation from
 
 *380
 
 her husband, for want of a provision for support before sentence» ' But she is not wholly without protection. If abandoned by her husband, or compelled by cruelty to flee from him, the law gives her a credit, for the means of subsistence, suited to his condition in life, and will compel the husband to pay those who shall furnish the 1 equisite supplies. If she has no separate property, she can carry on the suit
 
 in forma pauperis;
 
 counsel will be assigned her who will charge no fees; and she will have the services of the officers of the Court, and the attendance of witnesses without costs.
 

 ffftica states that band has treated the
 
 *381
 
 ^fe with cruelty,and dignities to P^°n> specifies no o^the^is notsuffi-authorize adecreefor a divorce.
 

 
 *380
 
 It is probably better for both parties, 'that pecuniary means for carrying on the domestic war should not be furnished by law. The prospect of such a supply may subject the husband to vexatious and unfounded suits, and prove a mistaken kindness even to the wife, who has just cause of complaint» Instead of relying on the counsel and aid of disinterested friendship, she may be tempted to put herself under the direction of mercenary allies, who will exasperate differences that might be adjusted, into irreconcilable dissentions; and under the pretext of vindicating her wrongs, prosecute their own schemes of cupidity.
 

 But whatever may be the course dictated by policy, until the legislature shall have otherwise provided, we think the Courts are not authorized to make allowances for alimony, before the complaint of the wife shall be finally tried.
 

 We are not called upon to say, whether there may not be cases in which the husband is an applicant for a divorce, and is endeavouring to stigmatize his wife with foul imputations, where the Court may withhold its aid from him, unless he will furnish the means of a fair investigation. We do not say how this may be, and are to be Understood as intimating no opinion upon it.
 

 We are of opinion that the decision of the Court below is correct, for the reasons already mentioned. But if the Court had a discretion to make the allowance, this is a case in which, tn the present state of the pleadings, the Court could not be invoked to make it. The petitioner charges that her husband has treated her in a
 
 crud and
 
 
 *381
 

 barbarous
 
 manner, and has offered
 
 suck
 
 indignities to her ¡person,
 
 as
 
 to render her condition intolerable and life bur-thensome. But she sets forth no specific treatment as
 
 •cruel.
 
 She shows no indignities. She alleged
 
 no facts
 
 in relation to these charges, which can be properly put in íssue.
 
 On
 
 such a petition, so vague, no Court ought, upon any proofs, to decree a divorce. And where, upon the face of the petition, it is seen that a separation is not to be decreed, the Court ought not, if it had the power, to order alimony
 
 pendente lite.
 

 It is to be certified to the Court below, that there was no error in the interlocutory order appealed from. '
 

 . Per Curiam. Judgment affirmed.-