ISTash, C. ¿T.
 

 The bill is filed for a divorce from bed and board, and for alimony. The defendant demurred, and at the same term, the presiding Judge decreed to the plaintiff the amount set forth in the pleadings, and from that interlocutory order, permitted the defendant to appeal to this Court.
 

 The appeal was granted under the 23d. section of the 4th -ch. of the Rev. Stat., and if that Statute stood alone, the order w’ould have been correct, and we should have been under-the necessity of looking into the bill, and of judging for ourselves,-whether it presented such a case as entitled the plaintiff to-the relief she sought. Eor, if the bill did not present such a case, upon its face, as to entitle her to the main .relief sought, the one, incident to it, could not be granted. -But we -are not called to this .duty. We are of .opinion-that the appeal-was iinprovidently. granted.
 

 The Legislature, at its session in 1852, ch. 53, p. 110, directed, that when a Bill is filed for a divorce and alimony, the Court may, at the Term when the process is returned, grant to the plaintiff a sufficient sum for her support. Before the passage of this act, it had been settled by this Court, (Wilson v. Wilson, 2 Dev. and Bat. 377,) that the Court, under such-a bill, could not grant alimony before the final decree, upon the ground that, if upon the .hearing it should appear -that the complainant was not en
 
 *120
 
 titled to any decree for a divorce, the alimony allowed* would he so much lost to the defendant, as the plaintiff is not required to give any security for its return. The act of ’52 seems to have been passed to alter the law on this subject, and it gives no right of appeal. To have done sa would have entirely defeated the benevolent object of its framers.
 

 A husband, by his brutal conduct to his wife, either in outrages to her person, or by bringing a strumpet into his family, forces her from his house, and she is compelled to throw herself upon the charity of friends and relations, and to appeal to tho laws of the country. During the penden-cy of the suit, which may continue for a year or more, she must be supported, and the law says her husband, the worker of the wrong, shall do so. To allow an appeal to this Court, in such a case, would bo virtually to condemn her to starve. This certainly was not what the Legislature meant. The relief as to the alimony, which they contemplated, was nil immediate one, upon tho ground that, until tho contrary appeared, the plaintiff was entitled to be supported by her husband, out of Ins estate, during tho controversy.— That tho alhuonial relief was intended to bo immediate, is shown by tho provision' of the act: it was to be allowed at the return of the process. Y,re do not moan to say, that it
 
 must
 
 thou he allowed, but that it may. That no appeal ivas intended by the act of 1852, is further proved from the other provisions contained in it. It provides, that the amount of alimony allowed may bo increased or diminished by the Court at any time, upon a proper application.— There is no necessity, then, for any appeal, and tho act does not warrant it.
 

 Holding, as wo do, that the defendant had no right to appeal, wo have entered into no consideration of the hill and demurrer, nor into the amount of the alimony granted, or the, fond out of which it is to he paid.
 

 
 *121
 
 Pep Oubiam. The appeal is dismissed, as improvidently granted. The defendant must pay the costs of this Court.