Pearson, J.
 

 In ordinary proceedings, when the party give» a prosecution bond, his suit is entertained and mesne procesa issues, as of course. But, in proceedings for a divorce, the party is required to exhibit the petition to a Judge, who, upon consideration of the allegations, decides whether the petition is “fit to be entertained.” If he thinks it is not, he refuses the order, if he thinks it is, he orders that it may be filed, and process issue.
 

 This preliminary adjudication in regard to the sufficiency of the petition both as to form and substance is required in all cases, and is not confined to those where the party seeks to sue
 
 in forma yauyeris :
 
 it is derived from, and suggested by, the practice of the ecclesiastical Courts in England, where the same person who first passes upon the sufficiency of the petition constitutes the tribunal before which it is finally disposed óf.' This precaution, like that requiring an oath that the cause of complaint has existed for more than six months, is deemed proper, jn consequence of the extreme delicacy of the relation of husband and wife, which ought not to be assailed hastily — ought not to bo publicly assailed at all, unless the petition is first submitted to one competent to pass on its sufficiency, according to the party’s own showing, because the mere fact of a public assault, although it should turn out to have been made on insufficient ground,
 
 *530
 
 will, in most cases, cause a breach which cannot be easily repaired.
 

 The fiat for entertaining the petition is taken, in all motions In the cause, until the final hearing, as presumptive, on
 
 prima facie
 
 evidence of the sufficiency of the petition in substance» and in form, and on this ground, the Court in England, when the petition is on the part of the wife, and there is no suggestion that she has a separate estate, make an allowance of “ alimony
 
 pendente lite
 
 e. i. something for the wife to live on during the controversy, as a matter of course.
 

 In Wilson v. Wilson, 2 Dev. and Bat. 377, this Court held, that the power to grant “ alimony
 
 pendente lite ”
 
 did not exist in the Superior Courts, upon the ground that the jurisdiction in petitions for divorce being given by statute, “ the power of the Court must be collected either from the'express enactments, or from the general scope of these statutes,” and that no power could be derived by inference, or from any analogy furnished by a coincidence of the provisions of the statutes, with the practice -of the ecclesiastical Courts in England.
 

 By the act of 1852, ch. 53, it is provided, that where a petition for divorce shall be filed by a wife, the Court shall have power,
 
 at the term, to which process shall he returned,
 
 or at any term thereafter, to decree such reasonable and sufficient alimony as,
 
 in the discretion of the
 
 Court, may be necessary for the support of herself and family pending the suit, provided that tho Court shall have power,
 
 at any time during the pendency of the suit,
 
 upon due notice and cause shown, to
 
 alter such allowance,
 
 as circumstances may require.
 

 Tho proper construction of this statute, makes it the duty of the Court, at the return term, or at any time when application is made, to act upon the presumption of the sufficiency of tho petition, arising from the fiat of tho Judge by whom it is allowed to be filed, and to decree, as alimony
 
 pendente lite,
 
 such an amount as, in the discretion of the Judge, may be reasonable and sufficient. In doing so, the statute does not contemplate that the Court is to look into the petition. For its sufficiency
 
 *531
 
 has already been passed on. Nor is the answer to bo taken into consideration, (except in reference to the amount of the allow-anee,) for it may not be in at the return term. . The relative, weight to which the petition and answer are entitled, if each is, to show for itself, will depend upon whether the wife or husband can swear hardest. Because the merits cannot be decided upon, until the hearing, so, as the same Judge, or one of the same, competency, has passed on the petition, its sufficiency is to be assumed.
 

 Accordingly, it is held, (Earp v. Earp, Jones’ Eq. 120,) that the relief, as to alimony
 
 pendente
 
 lite. contemplated by the statute was an
 
 immediate
 
 one, upon the ground that, after the petition was entertained, the wife was entitled to be supported out of the husband’s estate during the controversy; and that, when the Court made an allowance, there was no right of appeal, because the only question that could be brought up, would be in regard to the amount, which was a matter of discretion, and could bo* altered in the Court below at any time, and an appeal would defeat-the purpose ; e. i. immediate relief.
 

 It was said in .the argument, if there is no right of appeal, when the Court gives alimony, there can bo none when the Court refuses to give it. This is a
 
 non sequitur.
 
 In the former, the Court discharges its duty, and in the exercise of a power given in express words, makes an allowance which, in its discre tion, is considered reasonable and sufficic t; and, for the reasons given above, this question of discretion cannot be reviewed. In the latter, the Court mistakes the proper construction of the statute, and, in consequence theiecf, commits an error, not in a matter of discretion, but in a matter of law. The right to have such an error corrected comes very clearly within the piovision of the statutes upon the subject of appeals. Suppose (as wo take to be the fact in this ease) the Judge to whom the application for alimony is made, instead of acting upon the preliminary adjudication, that the petition is sufficient, considers it to be his duty to look into the petition, as also into the answer, and conceives the law to be, according to the course of a Court of
 
 *532
 
 Equity, upon motions to dissolve injunctions, that the answer, bo far as it is responsive to the petition, is to be taken as truc» and thereupon refuses to allow to the petitioner that which, under the statute, she is clearly entitled to, “ of course ” there ia an appeal to correct such an error. This opinion will be certified.
 

 Per Curiam. Decree below reversed.