Nash, C. J.
 

 The whole question turns upon the wording of the statute of this State upon “ Divorces.” Rev. Code, ch. 39, sec. J. That section has this provision : “Nor shall any person be entitled to sue, rani ess he or she shall have resided within the State three years,
 
 immediately
 
 preceding the exhibition of the petition.” This requirement is expressed in very plain terms, and it would appear needs no exposition. To reside at a place is to dwell there permanently, or for a time. In her petition, the plaintiff states explicitly, and in so many words, that she had not so resided in this State ; “yet,” she says, “ she is advised that the domicil of her husband, is her domicil, and therefore, she has been a resident of this State for more than the three last years preceding the present time.”
 
 *369
 
 The counsel who drew the petition was well apprised of the difficulty in the way of his client, and, therefore, instead of recklessly making her swear to a fact, has made her aver a conclusion which does not necessarily follow the fact. It is true, that for many purposes, the domicil of the husband is the domicil of the wife; but it is not so for every purpose. The maxim that the domicil of the wife follows that of the husband, cannot be applied to oust the Court of its jurisdiction ; neither, from parity of reason, can it give jurisdiction. 14 Pick. Rep. 181. If the construction contended for were to prevail, the policy of our act might, and would, be easily evaded. For instance, A and B are man and wife, residing in New York; the husband leaves his wife and comes to this State, where he lives for ten years in adultery with another woman ; the wife, without ever being in North Carolina, files her bill here for a divorce, and claims to do so under the allegation that her husband has been domiciled here for ten years ; could that be considered a compliance with the act ? The principle reason of the enactment was to prevent our Courts from being made the easy instruments of obtaining divorces by persons not residing in tho State — to prevent citizens of other States from using our Courts for purposes they could not attain in their own ; in other words, to prevent frauds in these matters.
 

 From the plaintiff’s own showing, she was not entitled to file a bill in this State.
 

 The Court, upon the trial of the issues, was. requested to charge the jury upon the question, of residence, that the
 
 orws
 
 of proving that the petitioner resided out of the State, lay on the defendant; this was rightly refused. Her residence in the State for the three years next preceding the filing of her petition, was a pre-requisite to her doing so. It is in the nature of a condition precedent. In the decree below there is no error.
 

 Pee Cueiam. Bill dismissed.