REBECCA A. MORRIS v. JOHN R. MORRIS.

*Divorce and Alimony—Findings of Fact—Appeal.*

1. In an application for alimony *pendente lite*, the facts set forth in the complaint must be found by the judge to be true, in order to the relief demanded, and must be stated in the record.

2. Whether the wife, in such case, is entitled to alimony, is a question of law, upon the facts found, and reviewable on appeal by either party.

MORRIS v. MORRIS.

(*Wilson* v. *Wilson*, 2 Dev. & Bat., 377; *Earp* v. *Earp*, 1 Jones' Eq., 118; *Taylor* v. *Taylor*, 1 Jones, 528; *Schonwald* v. *Schonwald*, Phil. Eq., 215; *Simmons* v. *Simmons*, *Ib.*, 63; *Lynch* v. *Lynch*, *Ib.*, 46; *Hodges* v. *Hodges*, 82 N. C., 122, cited and approved).

APPEAL from an order made on the 12th of October, 1883, in an action pending in ORANGE Superior Court, by *MacRae, J.*

The plaintiff brought this action against the defendant, her husband, to the fall term, 1883, of the superior court of Orange county, to obtain a divorce from bed and board, for alimony and for the care and custody of the children of the marriage, and other relief.

At the return term the plaintiff filed her complaint and the defendant filed his answer thereto.

After five days' notice, the plaintiff moved before the judge at chambers, on the 12th day of October, 1883, for alimony *pendente lite* and for the care and custody of the children.

The court, in the absence of the complaint and answer, and without having read or heard read the same, upon the affidavits of the plaintiff and sundry other persons, granted the motion, and thereupon the defendant appealed to this court, assigning among other grounds of exception to the action of the court, "that His Honor failed to find the facts set forth in the affidavits, considered by him, to be true, and especially did not find the facts set out in the complaint, which was not before him, to be true; or that such facts existed as entitled the plaintiff to the relief demanded."

*Mr. John Manning,* for plaintiff.
*Messrs. Graham & Ruffin,* for defendant.

MERRIMON, J. Whether the plaintiff was entitled to alimony *pendente lite,* was a question of law, arising, not simply from the facts set forth in the complaint or affidavits submitted in support of the motion for alimony, but upon the facts set forth in the complaint and "*found by the judge to be true,* and to entitle her

to the relief demanded in the complaint." The obvious purpose of the statute (THE CODE, §1291) is to afford the wife present pecuniary relief pending the progress of the action, and as well, to afford the husband some measure of protection in a motion so important, made and to be determined before the merits of the controversy are ascertained and the rights of the parties settled regularly by final judgment.

It is not left simply to the discretion of the judge whether he will or will not grant alimony *pendente lite.* As we have said, whether the wife is entitled to it, is a question of law, and his decision upon it may be reviewed upon appeal by either party. The judgment of the court upon this question is one that manifestly "affects a substantial right" of the defendant, and therefore one from which an appeal lies. And as the question arises upon the facts set forth in the complaint, "found by the judge to be true," he must set forth his findings of fact in the record, so that if either party shall desire, his judgment may be reviewed by this court.

And the findings of fact, by the judge, set forth in the *complaint* (not the facts set forth in an affidavit apart from the complaint), is not now a mere formal ceremony; it is significant, and must be done upon due consideration. In his finding of the facts, the judge is not confined to the sworn complaint: he may be aided by affidavits, offered on the part of the plaintiff and the defendant: indeed, the defendant has the right "to be heard by affidavit in reply or answer to the allegations of the complaint."

If the facts set forth in the complaint found by the judge to be true, entitles the wife to alimony *pendente lite,* then it must appear to the court, "by the affidavit of the complainant, or other proof, that she (the wife) has not means whereon to subsist during the prosecution of the suit, and to defray the necessary and proper expenses thereof," before the court can make the order allowing alimony.

MORRIS *v.* MORRIS.

Prior to the act of 1852, the law of the state did not allow alimony *pendente lite.* *Wilson* v. *Wilson,* 2 Dev. & Bat., 377; *Earp* v. *Earp,* 1 Jones' Eq., 118. It was first allowed by the act of 1852 (Acts 1852, ch. 33), which provided that, upon the filing of the petition or libel, the court might at any time during the pendency of the suit, "decree such reasonable and sufficient alimony to said married woman, as in the discretion of the court may be necessary for the support and maintenance of herself and family, pending said suit." This left the whole matter in the discretion of the court, and it was held that under that act an appeal did not lie to this court. *Earp* v. *Earp, supra.* This statute, however, was amended by the Rev. Code, ch. 40, §15, wherein it is provided, that if the matter set forth in the petition *shall be sufficient* to entitle the petitioner to a decree for alimony, the court may, in its discretion, allow the same at any time pending the suit; and an appeal to this court was allowed from such interlocutory decree, but this was reviewable only as to the sufficiency of the petition to entitle the petitioner to relief.

The act of 1871–'72, ch. 193, §38, provided that where the married woman "shall set forth in her complaint such facts, *as if true,* will entitle her to the relief demanded, and it shall appear to the judge of such court, either in or out of term, by the affidavit of the complainant, or other proof," &c., then the court might allow it. This act was amended by the act of 1883, ch. 67, which provides that, "if any married woman shall apply to a court for a divorce from the bonds of matrimony, or from bed and board with her husband, and shall set forth in her complaint such facts, which upon *application for alimony shall be found by the judge to be true* and entitle her to the relief demanded in the complaint, and it shall appear to the judge of such court, either in or out of term, by the affidavit of the complainant, or other proof, that she has not sufficient means," &c., and is brought forward and forms part of THE CODE.

It seems, that the legislature intended by the act of 1883, to cut off the possible mischief that a desperate and ruthless mar-

ried woman might make allegations and set forth statements in her complaint, which she could not establish as facts upon the final trial of the action upon its merits. A good woman, with a meritorious cause, cannot be prejudiced by the law requiring the judge to find the truth of the charges made in the complaint, before allowing alimony *pendente lite:* a very bad one ought not to have it, until he ascertains in the preliminary and summary way provided, that her cause is just and true. At all events, the legislature deemed it well, and for the general good, to so provide.

We have already pointed out the reasons for requiring the judge to set forth his findings of fact in the record. *Taylor* v. *Taylor,* 1 Jones, 528; *Schonwald* v. *Schonwald,* Phillips' Eq., 215; *Everton* v. *Everton,* 5 Jones, 202; *Simmons* v. *Simmons,* Phillips' Eq., 63; *Lynch* v. *Lynch, Ib.,* 46; *Hodges* v. *Hodges,* 82 N. C., 122.

There is error, in that it does not appear in the record that the court found the facts set forth in the complaint to be true. We do not deem it necessary to pass upon the other exceptions.

The judgment of the superior court must be reversed, and it is accordingly so ordered. Let this be certified.

Error.                                                  Reversed.