T. S. PARKER et als. v. C. A. McPHAIL et als.

*Arrest and Bail—Motion to Vacate—Jurisdiction.*

1. A motion to vacate an order of arrest may be heard by a Judge out of Court anywhere within the district that his duties require him to be during the time in which he is assigned to the district.

2. The rule that, except by consent or in those cases specially permitted by statute, the Judge can make no order in a cause outside of the county where it is pending, applies only to judgments on the merits or to motions in the cause strictly so called, but does not apply to ancillary proceedings.

3. Where, in the hearing of a motion to vacate an order of arrest, the Judge finds as a fact that the act upon which it was based was not committed, the finding is final and cannot be reviewed.

This was a CIVIL ACTION commenced by a summons returnable to Fall Term, 1892, of STANLY Superior Court.

An order of arrest was issued by the Clerk of said Court against the defendant C. A. McPhail. Said defendant was arrested under the order, and bail bond was duly executed.

On the 13th day of September, 1892, a motion, based on affidavits, after proper notice, was heard before *Boykin, Judge* presiding in the Court of the Eighth Judicial District, in the town of Lexington, in the county of Davidson, at Chambers, to dismiss the warrant of arrest.

The plaintiff insisted that the Judge had no power to hear and dispose of the said motion at Chambers, and without and beyond the limits of Stanly county.

The Court being of a contrary opinion, after argument of counsel, and a consideration of the affidavits presented, discharged the defendant from arrest, and plaintiffs appealed.

*Messrs. Brown & Jerome*, for plaintiffs (appellants).

*Messrs. P. B. Means* and *Batchelor & Devereux*, for defendants.

CLARK, J.: Section 316 of *The Code* provides: "A defendant arrested may, at any time before judgment, apply, on motion, to vacate the order of arrest." Section 594 of *The Code* provides: "(2). Motions may be made to a Clerk of a Superior Court, or a Judge out of Court, except for a new trial on the merits." "(3). Motions must be made within the district in which the action is triable." "(6). Whenever a motion shall be made in any cause or proceeding in any of the Courts, to obtain an * * * order of arrest, * * * or a motion to vacate or modify the same is made, it shall be the duty of the Judge before whom such motion is made to render and make known his decision on such motion within ten days after the day upon which such motion shall or may be submitted to him for decision." By statute the Judge is required to be at certain places in the district at stated times: if the motion, as the law allows, can be made "at any time" to "a Judge out of Court" "within the district," and "whenever * * * made * * * it shall be the duty of the Judge * * * to render a decision on such motion," then it must follow that he can hear such motion anywhere "within the district"

that his duties require him to be during the time in which he is assigned to the district.

It is true it has been held that except by consent or in those cases specially permitted by statute the Judge can make no orders in a cause outside of the county in which the action is pending. *McNeill* v. *Hodges*, 99 N. C., 248; *Bynum* v. *Powe*, 97 N. C., 374; *Gatewood* v. *Leak*, 99 N. C., 363. But that applies to judgments on the merits or to motions in the cause, strictly so called. It does not apply to ancillary proceedings, as they come within the exception referred to. As to injunctions authority is conferred to hear them outside of the county where the main action is pending, by *The Code*, §§334–337, and as to receivers by section 379. As to attachments and arrests and bail as well as injunctions, the power to grant, vacate or modify such orders out of the county is recognized by section 594(6) above cited.

From the nature of all provisional remedies (unlike ordinary motions in the cause) it is better that prompt action should be had by application to the Judge wherever he may be found in the district than that there should be delay out of deference to the convenience of the other party. Especially is this so in view of the greatly improved facilities for traveling by the constantly increasing number of railroads.

It would be perfectly regular to move to vacate before the Clerk and appeal from his ruling to the Judge, as was done in *Roulhac* v. *Brown*, 87 N. C., 1. But the Clerk might be dilatory in acting, and the party has his election to proceed more summarily by applying in the first instance to the Judge. Acts 1889, ch. 497, is merely permissive and gives the defendant the election to demand a jury trial upon the issues raised by the conflicting affidavits, but this right was not claimed in this case by the defendant. Had he done

so, in apt time, the Judge would have been compelled to remand the motion to vacate to the county where the action was pending that the issues so arising might be tried at the first term of the Court.

It is not clear, as it should be, that exception was taken below to anything except the jurisdiction of the Judge in vacating the order of arrest out of the county (but within the district) in which the action was brought. But if the exception is broad enough to embrace the correctness of the order itself, the Judge has found as a fact that the defendant McPhail has not removed or disposed of, and is not about to remove or dispose of, his property with intent to defraud his creditors. There was evidence to support such finding, and it is final and cannot be reviewed by this Court. *Harris* v. *Sneeden*, 101 N. C., 273; *Millhiser* v. *Balsley*, 106 N. C., 433; *Travers* v. *Deaton*, 107 N. C., 500. This renders it unnecessary to pass upon the regularity of the affidavit upon which the order of arrest was made.

PER CURIAM.                                    No error.