L. W. ZIMMERMAN v. H. ZIMMERMAN.

*Divorce—Alimony Pendente Lite—Motion—Notice—Findings of Fact by Judge—Contempt.*

1. The fact that a notice of a motion for alimony *pendente lite*, duly served upon the defendant, did not specify the time of hearing, will not invalidate the order allowing the same, it having been heard at a term of Court at which the cause stood regularly for trial.

2. Application for alimony can be made by a motion in the cause, and a defendant is fixed with notice thereof. It is only when made out of term that a notice is necessary.

3. The requirement of section 1291 of *The Code* that, in application for alimony, the Judge shall find such allegations of the complaint to be true as will entitle the plaintiff to the order, applies only when such allegations are controverted, since, by that section, the defendant has the right to controvert the same, and it is sufficient if the Judge find that no answer was filed and adjudge the alimony to be paid.

4. The provision of section 1288 of *The Code* that the allegations of the complaint in an action for divorce "are deemed to be denied," applies only to the trial upon the merits, since the facts must be found by a jury; on a motion for alimony the Judge finds the facts.

5. Where a defendant, in an action for divorce, was served with notice of a motion for alimony and neither filed an answer nor appealed from the order granting it, and, after applying to three different Judges to get the order set aside, failed to do so and allowed eighteen months to pass without paying the alimony, though possessed of sufficient unincumbered personal property to enable him to do so, he was rightly adjudged in contempt, and a sentence of thirty days imprisonment for wilful disobedience of the order of the Court will be affirmed.

This was a motion to attach defendant for contempt, heard at Spring Term, 1893, of CALDWELL Superior Court, before *McIver, J.*

From the judgment ordering him to be imprisoned for thirty days, the defendant appealed.

The facts are stated in the opinion of Associate Justice CLARK.

*Mr. S. J. Ervin,* for defendant (appellant).
No counsel, *contra.*

CLARK, J.: Prior to the Act of 1883 (ch. 67), which is now incorporated in section 1291 of *The Code,* the allegations of the complaint and petition were taken as true, for the purposes of the motion for alimony. The only question reviewable on appeal was the sufficiency of plaintiff's allegations. *Morris* v. *Morris,* 89 N. C., 109. But by the amendatory act of 1883, the husband, upon a motion for alimony, was per-

28

mitted to deny the allegations of the complaint by answer or
affidavit, and the Judge was required to find such of the
plaintiff's allegations to be true as would entitle her to the
order before granting the same. *Lassiter* v. *Lassiter*, 92 N. C.,
129. Then on appeal the sufficiency of the facts found and
not of the plaintiff's complaint was to be considered.

The order for alimony may be made in or out of term, but
the defendant must have five days' notice thereof. In the
present case the summons was issued and served July, 1891,
returnable to the Superior Court of Caldwell County. The
complaint duly verified was filed at September Term, 1891.
On March 1, 1892, the plaintiff filed in said Court her peti-
tion for alimony, and caused the Clerk of the Court to issue
notice to the defendant that she had filed said petition in the
cause pending in that Court, asking the Court to make such
order. This was duly served on March 3. At the term of
the Court, which was held three or four weeks thereafter, the
Court entered an order reciting, "This cause coming on to
be heard, and being heard, and no answer having been filed
to the petition filed by the plaintiff," and directing the pay-
ment by defendant, as alimony, of $50 in cash, and $5 at the
end of each month till the next term of the Court. The
plaintiff neither appealed from said order nor obeyed it.
He contends that it is void and of no effect—(1) because the
notice did not specify a time and place for its hearing, and
(2) because the Judge did not find the allegations of the com-
plaint to be true.

If, upon such notice, the hearing had been at any other
time and place than the regular term of Court at which the
action was pending, there would be some ground of objection
to the order. It would, at least, have been irregular, and
should have been set aside, on motion; but when the order
was made in the cause and at the term of Court, and especially
at the term at which the cause stood regularly for trial, the
defendant is fixed with notice thereof. *Hemphill* v. *Moore*,

104 N. C., 379; *Erwin* v. *Lowery*, 64 N. C., 321; Clark's Code (2d Ed.), 651.   Notice is required to be given only when the application is heard out of term time.   *Coor* v. *Smith*, 107 N. C., 430.   Application for alimony can be made by a motion in the cause.   *Reeves* v. *Reeves*, 82 N. C., 348.

The requirement that the Judge should find such allegations of the complaint to be true as would entitle the plaintiff to the order was brought into the statute by the amendatory act of 1883, *supra*, which gave the defendant the right to controvert the allegations of the complaint and petition, and it would seem to apply only when such allegations are controverted.   But here they were not denied, and the Judge does substantially find them "true and sufficient to entitle plaintiff to alimony" by reciting that no answer was filed, and adjudging that the defendant pay the alimony decreed. It will be noted that the provision of section 1288, that the allegations of the complaint "are deemed denied," applies only to the trial upon the merits, since that section adds that the facts "must be found by a jury."   As to the motion for alimony, the facts are found by the Judge.   Section 1291 of *The Code.*

The defendant did not see fit to controvert the allegations of fact by a reply under oath, and he cannot be allowed to deny them collaterally by simply refusing to obey the order of the Court.   There is no hardship in this instance, certainly since such orders can be "modified or vacated *at any time,* on the application of either party."   At any rate, the order was not void.   If erroneous, the defendant should have appealed; and, if irregular, his remedy was to have it set aside, but until declared irregular and set aside, it was his duty to obey it.

The defendant's excuse, that he paid no attention to the notice because he thought it concerned the divorce only, which he was willing the plaintiff should obtain, deserves no consideration at the hands of any Court.   The defendant

also avers that he made a motion to set aside the order, but that owing to other engagements of his counsel and the forgetfulness of one Judge, six months elapsed, and that he lost another six months because the next Judge was engaged the whole term of the Court in that county upon the trial of jury cases. It does not appear whether the Judge was in fact applied to at that term. But the statute provides that the order may be " modified or vacated at any time," and therefore, of course, such motions, upon notice, may be heard at any place in the district. *Parker* v. *McPhail*, 112 N. C., 502. Besides want of diligence in pressing such motion, the defendant presumably has small ground to have the order set aside, since the third Judge before whom it has come has failed to grant his motion, and there is no exception, nor appeal. Indeed, his Honor, in effect, renewed the order by granting the defendant ten days longer to pay the sum theretofore decreed, and in default thereof sentenced him to imprisonment for contempt.

It was not requisite to find the facts as to the contempt, because, as his Honor properly held, the answer to the rule, taking it to be true, was insufficient, and it being admitted therein that the defendant owned unincumbered personal property more than sufficient to pay said alimony, rightly adjudged him in contempt. *Smith* v. *Smith*, 92 N. C., 304. The value of the defendant's earnings was not considered, but, if there had been a deficiency of property, should have been negatived to satisfactorily account for his failure to obey the order of the Court. The defendant neither answered the petition for alimony, though served with notice by the Sheriff, nor appealed from the order made thereon and has not pressed, with any diligence whatever, his motion to set aside the order. Till set aside or modified, it was his duty to obey it. Having failed to do so, he was guilty of a palpable contempt. It did not rest in the good pleasure of the defendant whether he should obey the order of a court of

justice or not. If he chose to treat it as a nullity, he did so at his peril, if it should prove, as it has, that it was his opinion, and not the judgment of the Court, that was at fault. In the nature of alimony, the order is urgent and exacts prompt observance. The defendant has delayed eighteen months, and though he has applied to three different Judges the order has not been set aside, yet he still has not obeyed it.

The sentence of thirty days imprisonment for wilful disobedience of the order of the Court is ⋅ ₒ Affirmed.