## MOORE v. MOORE.

(Filed June 17, 1902.)

1. DIVORCE—*Alimony Pendente Lite—Notice—Venue.*

A motion for alimony *pendente lite* may be heard anywhere in the judicial district, five days' notice being required when heard out of term time.

2. DIVORCE—*Affidavit—Amendment.*

It is discretionary with the trial judge to allow an amendment to the affidavit in an action for divorce.

3. DIVORCE—*Residence—Domicile—Husband and Wife.*

Where husband and wife establish a residence in the State, the wife, by leaving the State for a temporary purpose, without any intention of changing her residence, does not thereby lose her citizenship.

4. DIVORCE—*Alimony—Appeal—Review—Questions for Court.*

Whether the wife is entitled to alimony is a question of law upon the facts found and is reviewable upon appeal by either party.

5. DIVORCE—*Alimony—Amount—Discretion.*

The amount of alimony in an action for divorce is discretionary with the trial judge.

6. DIVORCE—*Alimony—Allowance—When.*

Alimony *pendente lite* may be allowed before the return term if the complaint has been filed.

MONTGOMERY, J., dissenting.

ACTION by J. G. Moore against J. H. Moore, heard by Judge *W. B. Council,* at LENOIR, N. C., on December 25, 1901. From a decree allowing alimony *pendente lite,* the defendant appealed.

*Long & Nicholson,* for the plaintiff.
*Armfield & Turner,* and *A. C. McIntosh,* for the defendant.

CLARK, J.   Prior to the Statute of 1852, *alimony pendente lite* was unknown in this State.   *Wilson v. Wilson*, 19 N. C., 377; *Earp v. Earp*, 54 N. C., 118.   Its evident purpose was "to afford the wife present pecuniary relief pending the progress of the action." *Morris v. Morris*, 89 N. C., 109. The present statute (The Code, Sec. 1291) provides that the motion may be heard and determined in or out of term, and certainly the wife in such case ought not to be left to starve till the Judge, or his successor, shall come to the county.   The motion is ancillary and not a motion for judgment on the merits, or a motion in the cause, strictly speaking, and hence it can be heard anywhere in the district.   *Parker v. McPhail*, 112 N. C., 502; *Fertilizer Co. v. Taylor, Ibid,* 141; *Ledbetter v. Pinner,* 120 N. C., 455.   The five days' notice is required only when the motion is heard out of term (*Zimmerman v. Zimmerman,* 113 N. C., 432), and it was duly given in this case.   The parties being in Court by the notice, the continuance of the motion did not make necessary a renewal of the notice.

The language of the affidavit annexed to the complaint that "the complainant became a resident of this State more than two years next preceding this cause of action, with her husband, at Liledown, in October, 1898, and she is advised that her legal residence has been there since said time," is a substantial compliance with the statute.   But to avoid any controversy, the petitioner asked leave and amended the above to conform literally to the statute, to-wit, "the complainant has been a resident of the State for two years next preceding the filing of the complaint."   The amendment was in the discretion of the Court.   Clark's Code (3d Ed.), Sec. 273, and cases there cited.

The principal contention of the defendant, however, is that the residence of the complainant, the wife, must be an actual one, in the sense that she must be physically present in the

MOORE *v.* MOORE.

State continuously for two years in order to confer jurisdiction, and, as such is not the case here, the decree and proceedings are void.    The defendant resides here and has been personally served with summons, but it is contended that the wife is not qualified to sue in our Courts for above reasons.    But if she could not sue here, where could she sue?    She could not sue elsewhere, because she could not get personal service on her husband.    *Harris v. Harris,* 115 N. C., 587, 44 Am. St. Rep., 471.    This is in effect held in *Arrington v. Arrington,* 102 N. C., 491, and *Harris v. Harris, supra,* where the wife left this State and resided in another State and brought suit there, and this Court held the decree valid only because the husband had voluntarily entered an appearance in such action.    Besides, she avers, and the Court finds as a fact, that she has not acquired residence elsewhere and had no intention to abandon the residence she had acquired here.

In *Smith v. Morehead,* 59 N. C., 360, the Court held, what is the general rule, that "the domicile of the husband draws to it the domicile of the wife."    The defendant relies upon *Schonwald v. Schonwald,* 55 N. C., 367.    But that case was an exceptional one in that the wife had never been a resident of this State, but, retaining the residence she had, came into this State after her husband had been residing here for eight years, and, without acquiring residence here, began her action.    In the case at bar, the plaintiff came here in 1898 with her husband, and acquired residence, and in 1899 left for another State for a temporary purpose without intention of changing the residence acquired here, and, returning here, was disavowed by her husband, and brings this action more than two years after her residence had begun here.

The Judge finds the following facts:    "The plaintiff had been a resident of North Carolina for more than two years next preceding the filing of her complaint; that her residence began with her husband at Liledown, N. C., in the Fall of

1898, at which place the appellant has since permanently re-sided; that in going to California under protest, and at the instance of her husband, the plaintiff never intended to make that State her residence, nor to sever her residence from that of her husband; that the plaintiff's residence has always been that of her husband." Thus, the residence of the plaintiff for the required period is not only averred in the complaint and affidavit affixed thereto, but is found as a fact by the Court below upon the evidence, and we are bound by such finding of fact for the purposes of this appeal.

Alimony *pendente lite* was first allowed, as already said, in this State, by Chapter 53, Laws 1852. Thereafter, in *Earp v. Earp*, 54 N. C., 118, the Court held that an appeal would not lie from such interlocutory decree granting alimony, upon the ground that it would defeat the purpose for which the statute was enacted. But in *Taylor v. Taylor,* 46 N. C., 528, it was held that an appeal would lie from a refusal to grant alimony *pendente lite.* Revised Code, Chap. 39, Sec. 15, amended the statute to allow an appeal from granting or re-fusing the allowance. The present statute is Section 1291 of The Code, which provides that the complainant must set forth such facts as, when found to be true by the Judge, shall enti-tle her to the relief.

Whether the wife is entitled to alimony is a question of law upon the facts found, and that is reviewable on appeal by either party. The Court below must find the facts. "In his findings of fact, the Judge is not confined to the sworn com-plaint. He may be aided by affidavits offered on the part of the plaintiff and the defendant." *Morris v. Morris*, 89 N. C., 109. We can not look into the affidavits.

As to the amount of alimony to be allowed, the statute says: "The Judge may order the husband to pay her such alimony during the pendency of the suit as *shall appear to him* just and proper, having regard to the circumstances of the parties."

This makes the amount discretionary, and not reviewable on appeal unless there has been an abuse of discretion. *Miller v. Miller,* 33 Fla., 453, 24 L. R. A., 137; 1 Am. and Eng. Enc., 476, 477. In this case, it is found as facts upon the testimony that the appellant is worth $80,000 to $100,000; that the reasonable income of his property is from $8,000 to $10,000 per year; that the plaintiff is absolutely without means of subsistence and unable to meet the expenses of her suit. The litigation requires, and will require doubtless, from the tenor of the affidavits, attorneys and other expenses not only here, but in Kentucky, Ohio, Indiana and California, to prepare her case. Still, an allowance of $4,000 seems to us a large one to be made before the jury has passed upon the issues, at the trial of which it may possibly be found that the plaintiff is not entitled to any relief. If those issues shall be found in her favor, then the Court below could act with greater freedom. We can not say, however, that the amount adjudged by his Honor was so gross as to be an abuse of the discretion reposed in him by the statute. As the statute provides "such order may be modified or vacated at any time on the application of either party, or of any one interested," the defendant has still his remedy by application to the proper Judge, who may affirm the present allowance or modify it, as to him "shall appear just and proper," but the judgment, if modification is refused, would not be appealable, as we have just held the allowance is not reviewable on appeal, unless when an abuse of discretion is shown, and besides such course would prevent any settlement of this preliminary matter by successive appeals intervening.

After complaint filed, there was no reason why, upon notice, the motion should not be made for alimony *pendente lite* before the return term. The urgency of plaintiff's needs

for subsistence and for means to prepare her case may have required it.

Upon consideration of all the exceptions, we find

No Error.

MONTGOMERY, J., dissenting. This Court said in *Nichols v. Nichols,* 128 N. C., 108: "It is necessary, in order that the Courts may take jurisdiction of the matter of divorce, that each and all of the requisites mentioned in the affidavit required by The Code, Sec. 1287, shall be set out and sworn to by the plaintiff." The requirements are mandatory. The matter of divorce not only affects the parties immediately concerned, but the whole fabric of our social life; and the Courts, before they will act, must see that a strict case is before them to be heard, and that can not be seen under our statute unless all the matters required by Section 1287 of The Code are set out in the affidavit accompanying the complaint, as well as that the complaint should set out a good cause of action." That part of the affidavit of the plaintiff in this case concerning the plaintiff's residence does not comply with our statute. The language of the statute is: "And that complainant has been a resident of the State for two years next preceding the filing of the complaint." That requirement is set out in plain words, and any confusion of its terms by the use of technical and complex phraseology ought to be regarded by the Courts as an effort on the part of the pleader to allege residence by construction. That part of the affidavit in this case is as follows: "That the complainant became a resident more than two years next preceding *this cause of action* (italics mine), with her husband, at Liledown, in October, 1898, and she is advised that her legal residence has been there since that time." That she became a resident of this State with her husband in October, 1898, and that she was a resident more than two years next preceding the *cause of*

*action,* does not mean necessarily that she was a resident two years before the complaint was filed. She may have left the State after 1898 with the intention and purpose never to return, and have remained an actual resident of another State until a time within two years before the *complaint was filed;* and that is precisely what was affirmed in some of the papers and affidavits filed by the defendant on the motion for alimony. If it should turn out upon the trial of the action that such was the case, it was most prudent in the counsel who drew the affidavit that he prepared it so as to aver a legal conclusion as to affiant's residence, instead of a direct affirmation that she had been a resident in fact for two years next preceding the filing of the complaint. There must have been an actual residence in this State for two years next preceding the filing of the complaint before an action for divorce can be commenced. And by that is not meant that the plaintiff should have actually "had her physical body in this State for two years in order to confer jurisdiction upon the Courts in this State" (in the brief of plaintiff's counsel), but that she should have had her recognized domicile here, with the present intention to remain. The domicile of the husband is not for every purpose the domicile of the wife. The maxim that the domicile of the wife follows that of the husband can not be applied to oust the Court of its jurisdiction; neither, from parity of reason, can it give jurisdiction. *Schonwald v. Schonwald,* 55 N. C., 367. It is said in the brief of plaintiff's attorneys that in *Smith v. Morehead,* 59 N. C., 360, this Court held that "the domicile of the husband draws to it the domicile of the wife," and the case of *Schonwald v. Schonwald* was cited in *Smith v. Morehead* "in support of that doctrine." It is true that in *Smith v. Morehead* the Court cited the Schonwald case and approved of the reason given in that case for the enactment of the law concerning residence in divorce proceedings, which reason was as fol-

MOORE *v.* MOORE.

lows: "The principal reason of the enactment was to prevent our Courts from being made the easy instruments for obtaining divorces by persons not residing in the State—to prevent citizens of other States from using our Courts for the purposes they could not attain in their own; in other words, to prevent frauds in these matters." That is, that non-residents of the State could not procure valid divorces in their own State from a resident of this State without acquiring jurisdiction of the defendant by a personal service in the State of the non-resident; and therefore it is deemed fraudulent to allow non-residents of the State to use our Courts for their convenience and to procure decrees that they could not have in the Courts of their own State."

In Schonwald's case it was affirmed in the affidavit of the petitioner that "her husband has resided in Wilmington for more than eight years, and although she has not been living with him three years, in all, in this State, yet she is advised that the domicile of her husband is her domicile, and therefore she has been a resident of this State for more than the last three years preceding the present time." The Court said there: "The counsel who drew the petition was well apprised of the difficulty in the way of his client, and therefore, instead of recklessly making her swear to a fact, has made her aver a conclusion which does not necessarily follow the fact." There can be no difference between a plaintiff, in an action for a divorce, who has never resided in the State, and a plaintiff in such a suit who once resided here, but who had left the State with the determination never to return, and who, upon returning, has not resided within the State for two years next preceding the filing of the complaint. It is a mistake to say that in *Smith v. Morehead, supra,* this Court said "that the domicile of the husband draws to it the domicile of the wife," in the sense that that declaration had reference to non-resident wives. The bill in equity in that case

showed that the complainant was, and always had been, a resi-
dent of Wake County, and that the defendant was a resident
of Guilford County. The bill was filed in Wake County.
Upon a demurrer to the bill for want of jurisdiction in the
Court of Equity for the county of Wake, the demurrer was
sustained—the Court holding that as both plaintiff and de-
fendant were residents of the State, the complainant, upon
her marriage with the defendant, became a resident of Guil-
ford County, the county in which her husband resided. The
Court was only stating the general rule when it said in
*Smith v. Morehead, supra,* that "the domicile of the husband
draws to it the domicile of the wife," for the Court further
said there: "It was undoubtedly competent for the Legislature
to enact that the actual residence of the wife, out of the
State, should not be considered as a legal residence with her
husband, in the State, for the purpose of enabling her to sue
him in the Courts of this State. That was the intent of the
Legislature in the act to which reference is made, and the
effect of the decision in Schonwald's case is to carry out that
intent. In other respects, the rule remains unchanged, and
where the parties reside in the State the residence of the hus-
band still remains the residence of the wife."

The amendment to the affidavit ought not to have been al-
lowed. It was in the very words of the statute, but it did not
show jurisdiction. It conferred jurisdiction, and that was
not permissible. *Gilliam v. Ins. Co.,* 121 N. C., 369.

My conclusion is that the Court had no jurisdiction of the
action, because of the defective affidavit in the respect I
have pointed out.