Prior to the statute of 1852, alimony pendente (334)lite was unknown in this State. Wilson v. Wilson,19 N.C. 377; Earp v. Earp, 54 N.C. 118. Its evident purpose was "to afford the wife present pecuniary relief pending the progress of the action."Morris v. Morris, 89 N.C. 109. The present statute (The Code, sec. 1291) provides that the motion may be heard and determined in or out of term, and certainly the wife in such case ought not to be left to starve till the judge, or his successor, shall come to the county. The motion is ancillary and not a motion for judgment on the merits, or a motion in the cause, strictly speaking, and hence it can be heard anywhere in the district.Parker v. McPhail, 112 N.C. 502; Fertilizer Co. v. Taylor, ibid., 141;Ledbetter v. Pinner, 120 N.C. 455. The five days' notice is required only when the motion is heard out of term (Zimmerman v. Zimmerman, 113 N.C. 432), and it was duly given in this case. The parties being in court by the notice, the continuance of the motion did not make necessary a renewal of the notice.
The language of the affidavit annexed to the complaint, that "the complainant became a resident of this State more than two years next preceding this cause of action, with her husband, at Liledown, in October, 1898, and she is advised that her legal residence has been there since said time," is a substantial compliance with the statute. But *Page 232 
to avoid any controversy, the petitioner asked leave and amended the above to conform literally to the statute, to wit, "the complainant has been a resident of the State for two years next preceding the filing of the complaint." The amendment was in the discretion of the court. Clark's Code (3 Ed.), sec. 273, and cases there cited.
The principal contention of the defendant, however, is that the residence of the complainant, the wife, must be an actual one, in the sense that she must be physically present in the State continuously for (335) two years in order to confer jurisdiction, and, as such is not the case here, the decree and proceedings are void. The defendant resides here and has been personally served with summons, but it is contended that the wife is not qualified to sue in our courts for above reasons. But if she could not sue here, where could she sue? She could not sue elsewhere, because she could not get personal service on her husband.Harris v. Harris, 115 N.C. 587, 44 Am. St., 471. This is in effect held in Arrington v. Arrington, 102 N.C. 491, and Harris v. Harris, supra, where the wife left this State and resided in another State and brought suit there, and this Court held the decree valid only because the husband had voluntarily entered an appearance in such action. Besides, she avers, and the Court finds as a fact, that she has not acquired residence elsewhere and had no intention to abandon the residence she had acquired here.
In Smith v. Morehead, 59 N.C. 360, the Court held, what is the general rule, that "the domicil of the husband draws to it the domicil of the wife." The defendant relies upon Schonwald v. Schonwald, 55 N.C. 367. But that case was an exceptional one in that the wife had never been a resident of this State, but, retaining the residence she had, came into this State after her husband had been residing here for eight years, and, without acquiring residence here, began her action. In the case at bar, the plaintiff came here in 1898 with her husband, and acquired residence, and in 1899 left for another State for a temporary purpose without intention of changing the residence acquired here, and, returning here, was disavowed by her husband, and brings this action more than two years after her residence had begun here.
The judge finds the following facts: "The plaintiff had been a resident of North Carolina for more than two years next preceding the filing of her complaint; that her residence began with her husband at (336) Liledown, N.C. in the fall of 1898, at which place the appellant has since permanently resided; that in going to California under protest, and at the instance of her husband, the plaintiff never intended to make that State her residence, nor to sever her residence from that of her husband; that the plaintiff's residence has always been that of her husband." Thus, the residence of the plaintiff for the required *Page 233 
period is not only averred in the complaint and affidavit affixed thereto, but is found as a fact by the court below upon the evidence, and we are bound by such finding of fact for the purposes of this appeal.
Alimony pendente lite was first allowed, as already said, in this State, by chapter 53, Laws 1852. Thereafter, in Earp v. Earp, 54 N.C. 118, the Court held that an appeal would not lie from such interlocutory decree granting alimony, upon the ground that it would defeat the purpose for which the statute was enacted. But in Taylor v. Taylor, 46 N.C. 528, it was held that an appeal would lie from a refusal to grant alimony pendentelite. Revised Code, ch. 39, sec. 15, amended the statute to allow an appeal from granting or refusing the allowance. The present statute is section 1291 of The Code, which provides that the complainant must set forth such facts as, when found to be true by the judge, shall entitle her to the relief.
Whether the wife is entitled to alimony is a question of law upon the facts found, and that is reviewable on appeal by either party. The court below must find the facts. "In his findings of fact, the judge is not confined to the sworn complaint. He may be aided by affidavits offered on the part of the plaintiff and the defendant." Morris v. Morris, 89 N.C. 109. We can not look into the affidavits.
As to the amount of alimony to be allowed, the statute says: "The judge may order the husband to pay her such alimony during the pendency of the suit as shall appear to him just and proper, having regard to the circumstances of the parties." This makes the amount discretionary, and not reviewable on appeal unless there has been (337) an abuse of discretion. Miller v. Miller, 33 Fla. 453, 24 L.R.A., 137; 1 A. E. Enc., 476, 477. In this case, it is found as facts upon the testimony that the appellant is worth $80,000 to $100,000; that the reasonable income of his property is from $8,000 to $10,000 per year; that the plaintiff is absolutely without means of subsistence and unable to meet the expenses of her suit. The litigation requires, and will require, doubtless, from the tenor of the affidavits, attorneys and other expenses not only here, but in Kentucky, Ohio, Indiana and California, to prepare her case. Still, an allowance of $4,000 seems to us a large one to be made before the jury has passed upon the issues, at the trial of which it may possibly be found that the plaintiff is not entitled to any relief. If those issues shall be found in her favor, then the court below could act with greater freedom. We can not say, however, that the amount adjudged by his Honor was so gross as to be an abuse of the discretion reposed in him by the statute. As the statute provides "such order may be modified or vacated at any time on the application of either party, or of any one interested," the defendant has still his remedy by application to the proper judge, who *Page 234 
may affirm the present allowance or modify it, as to him "shall appear just and proper," but the judgment, if modification is refused, would not be appealable, as we have just held the allowance is not reviewable on appeal, unless when an abuse of discretion is shown, and besides such course would prevent any settlement of this preliminary matter by successive appeals intervening.
After complaint filed, there was no reason why, upon notice, the motion should not be made for alimony pendente lite before the return term. The urgency of plaintiff's needs for subsistence and for means to prepare her case may have required it.
(338) Upon consideration of all the exceptions, we find
No error.