Pearson, J.
 

 Eor the purpose of this motion, all of the allegations set out in the petition are to be taken as true. We are satisfied that both the matter, and manner of stating it, bring the petitioner’s case within the statute. Questions of this kind must, in a great measure, depend upon the peculiar circumstances of each case, and for the purpose of aiding in making the application, some pains were taken in
 
 Everton
 
 v.
 
 Everton, 3
 
 Jones’ Eq. 202, to review the English, and our own law, upon the subject of cruelty and indignity to the person. It will be seen from the exposition there given, that our law is more liberal than the English; for instance, living apart in adultery, is, with us, a ground for absolute divorce, and not merely a divorce from bed and board; and in respect to the latter, such indignities to the person of the wife as render her condition intolerable, or her life burdensome, are made a distinct ground, in addition to such cruelty as endangers her life, which in the English books is termed “
 
 scevitia.”
 
 But, to keep the line distinctly marked, between a mere outbreak of passion, accom
 
 *84
 
 panied with abusive language, in which the wife is apt “to maintain a contest of retaliation,” unless her spirit is broken, aud she is in fear of bodily harm, and such indignities as render her condition intolerable or her life burdensome, the statute requires the words or the acts which are averred to amount to such indignity, to be selli forth particularly and specially, so that an issue can be taken upon each, severally, and will not tolerate generality in the manner of making the charges.
 

 In this case, there is the requisite certainty in charging the indignities, and no one can read over the petition, and fail to be satisfied that the matters charged amount to such indignities to the person of the wife, as to render her condition intolerable or her life burdensome, as distinguished from such cruelty as endangers her life. Where a husband charges his wife with infidelity and disowns the child of which she is pregnant, if he does not believe the charge to be true, he is a brute— drunk or sober, and the only motive that can be imputed to him, is a desire to be rid of her, and a determination either, to break her heart, or force her to leave him. If he believes the charge to be true, he is dangerous, and the wife’s safety requires her to leave him. So, in either view, the petitioner had good cause for the separation. Patience had ceased to be a virtue, and she was entitled to alimony until the husband could be heard, and the matter fully investigated.
 

 In
 
 Everton
 
 v. Everton, supra, the petitioner did not allege that she separated from her husband in consequence of the indignities offered to her. She seems to have taken the thing quietly, and to have left at her own good pleasure. “ The language is singularly vague and indefinite upon this point of her being ordered to leave the defendant’s house.” This consideration had much weight in the decision of that case, and distinguishes it from our case, and that of
 
 Coble
 
 v. Coble, 2 Jones’ Eq. Rep. 392, and
 
 Earp
 
 v. Earp, 1 Jones’ Eq. Rep. 239.
 

 Pee Cueiam. Decree below affirmed.