HONORA GRIFFITH v. ROBERT GRIFFITH.

*Divorce and Alimony.*

1. In divorce, a complaint alleging that defendant has abandoned his wife and turned her out of doors; that he has treated her cruelly and barbarously, so as to endanger her life, and has offered such indignities to her person as to render her condition intolerable and life burdensome, states facts constituting a cause of action.

2. Alimony *pendente lite* may be granted, not simply upon complaint and affi-
davit of the plaintiff, but upon a finding by the judge (after considering
the counter affidavit or answer of the defendant) that the facts alleged in
the complaint are true, and entitle the plaintiff to the relief demanded.
THE CODE, §1291. And the facts found must be set out in the record of
the case on appeal.

(*Erwin* v. *Erwin*, 4 Jones' Eq., 82, cited and approved).

CIVIL ACTION for divorce *a mensa et thoro* heard at Spring
Term, 1883, of MITCHELL Superior Court, before *Gudger*, *J.*

Upon the complaint and affidavit of the plaintiff, His Honor
made an order for alimony *pendente lite*, and thereupon the defen-
dant moved to vacate the order upon the ground of a want of
notice to him, and the court sustained the motion. The case
then states that the defendant waived the five days' notice to
which he was entitled under the statute, and that the plaintiff
renewed her motion for alimony. This latter motion was refused
by the court upon the ground that the complaint and affidavit
do not state a cause of action, and from this ruling the plaintiff
appealed.

*Messrs. E. C. Smith* and *W. H. Malone*, for plaintiff.
No counsel for defendant.

MERRIMON, J. The plaintiff not only alleges in general terms
that the defendant has abandoned her, that he has in effect
turned her out of doors, that he has treated her cruelly and bar-
barously, so as to endanger her life, and has offered such indig-
nities to her person as to render her condition intolerable and
life burdensome, but she avers facts in detail, that, if she can
prove them to be true, certainly make a strong case in her favor,
and the case contemplated by the statute, on which relief ought
to be granted. THE CODE, §1286.

The court did not find that the allegations in the complaint
were true or otherwise, and we must take it that it denied the

motion for alimony *pendente lite*, upon the ground, that upon the face of the complaint the plaintiff did "not state facts sufficient to constitute a cause of action."

In this we think the court erred. The facts alleged do constitute a cause of action, and the court ought to have proceeded to find whether the allegations were substantially true or false. The motion is not granted simply upon the complaint and affidavits of the plaintiff. Before the court can grant it, it must find the facts alleged in the complaint "to be true and to entitle her to the relief demanded in the complaint," and such findings of the court must be set forth in the record, to the end, either party may, if he or she shall see fit, appeal to this court. The defendant will be entitled to be heard in reply to the complaint, by answer or affidavits. THE CODE, §1291; *Morriss* v. *Morriss, ante; Erwin* v. *Erwin,* 4 Jones' Eq., 82.

There is error; the order denying the motion must be reversed.

Error. Reversed.