### ETTA MOODY v. ROBERT MOODY.

*Practice in Applications for Alimony Pendente Lite— Special and General Appearance—Parties—The Code, Section* 1291.

1. A party who enters a special appearance, and moves to dismiss for want of legal service of the summons, should except to the refusal of his motion. If he does not except, his subsequent appearance in the action makes him in law a party for all purposes.
2. A general appearance waives irregularity in service of the summons.
3. Under Section 1291, *The Code*, an order allowing alimony is erroneous if made without a finding of the facts by the judge.

APPLICATION FOR ALIMONY *pendente lite*, heard by *Robinson, J.*, upon affidavits and motion of defendant to dismiss, at Fall Term, 1895, of MACON Superior Court.

The facts are sufficiently stated in the opinion.

Defendant appealed.

*Messrs. A. M. Fry* and *J. F. Ray*, for plaintiff.
*Messrs. Jones & Johnston*, for defendant (appellant).

FAIRCLOTH, C. J.: This is an action for divorce and alimony *pendente lite*. The summons was issued September 6, 1895, by the clerk of Macon county superior court, N. C., directed to the sheriff of that county. The only return is "served September 9, 1895," by one Dockins, sheriff of Robun county, Georgia. There was no attempt to show service by publication nor in the manner prescribed by Act 1891, Ch. 120. The defendant, on the return day, made a special appearance, and moved to dismiss the action for want of service, to which he was then entitled, but without filing exception to the refusal to dismiss at the

MOODY *v.* MOODY.

same time he filed his own affidavit and several others, denying the allegations of the plaintiff's affidavit, which was treated as a complaint. This waived all irregularity in the service, and put the defendant in court as completely as if the summons had been duly and legally served. The court then heard the affidavits, and, without finding the facts, rendered judgment, making an allowance to the plaintiff, and the whole record is sent to this Court. That was erroneous. *The Code*, Sec. 1291, requires the plaintiff to set forth facts which " shall be found by the judge to be true," and to these facts he must apply the law of the case, and either party may appeal from his judgment. This has been held in other cases, and that the facts found by the court must appear in the record sent to this Court. *Morris* v. *Morris*, 89 N. C., 109 ; *Griffith* v. *Griffith*, 89 N. C., 113 ; *Lassiter* v. *Lassiter*, 92 N. C., 129. We must therefore send the case back, to the end that the facts may be found by the court, which this Court has no authority to do.                                    Remanded.