ETHELYN GARSED v. E. T. GARSED.

(Filed 1 December, 1915.)

1. **Divorce a Mensa—Pendente Lite—Alimony—Attorney's Fees—Allegation—Proof.**

　　In order to entitle the wife to alimony and counsel fees *pendente lite* in her action for divorce, she must allege the statutory grounds for a divorce of this character (Revisal, sec. 1562), and show one of them with her evidence; and to entitle her to a divorce on the ground of indignities to her person or conduct rendering her life intolerable, this must appear. It is not sufficiently shown when it appears that no physical violence has been offered her, but that each had used violent language to the other, without it appearing whether she had offered him sufficient provocation therefor. In this case the question whether the plaintiff was justifiable in voluntarily leaving home was a question for the jury, and it is held that the order of the judge allowing her alimony and attorney's fees was improvidently entered.

2. **Appeal and Error—Substantial Rights—Alimony—Attorney's Fees—Pendente Lite—Interpretation of Statutes.**

　　An appeal from an order allowing alimony and counsel fees to the wife *pendente lite* is permitted under the general laws regulating appeals (Revisal, sec. 587), making it unnecessary to bring section 15, ch. 39, Revised Code, forward, specially permitting appeals in such cases.

APPEAL by defendant from *Webb, J.,* at chambers in Charlotte, 27 October, 1915.`

*Stewart & McRae and T. A. Adams for plaintiff.*
*Cansler & Cansler for defendant.*

PER CURIAM. This is an appeal from an order allowing the plaintiff alimony and counsel fees *pendente lite* in an action for divorce from bed and board. The grounds for such divorce .are set out in Revisal, 1562. The defendant did not either (1) abandon his family, nor (2) turn his wife out of doors, nor (3) by cruel or barbarous treatment endanger the life of the plaintiff, nor (4) become an habitual drunkard.

The only other ground set out in Revisal, 1562, is: "(5) Shall offer such indignities to the *person of the other* as to render his or her condition intolerable and life burdensome." The complaint does not allege that the defendant struck the plaintiff or offered her any physical violence, or threatened to do so, as in *Green v. Green,* 131 N. C., 533, and *Erwin v. Erwin,* 57 N. C., 82. It is neither alleged nor found that the specific allegation as to the treatment of the plaintiff by her husband was without sufficient provocation on her part, and therefore the complaint is defective. *Jackson v. Jackson,* 105 N. C., 433; *O'Connor v. O'Connor,* 109 N. C., 139.

In *White v. White,* 84 N. C., 340; *McQueen v. McQueen,* 82 N. C., 471; *Ladd v. Ladd,* 121 N. C., 119; *Dowdy v. Dowdy,* 154 N. C., 558; *Page v. Page,* 161 N. C., 175, it is held that the complaint must aver, and facts must be found upon which it can be seen, that the plaintiff did not by her own conduct contribute to the wrongs and abuses of which she complains. It is true that the court finds (as the complaint avers) that the defendant cursed and used abusive epithets, though he did not offer to strike her; but the defendant avers that his wife cursed him and struck him, and she admits the latter charge and the judge so found. There were also allegations in the answer and findings of fact from which it can be seen that both parties were guilty of bad temper and bad language, and that the wife was extravagant, and did not regard her husband's wishes, and was guilty of conduct calculated to irritate him. He did not drive her from his home, but she voluntarily left because the relations between them had become unpleasant. Whether her doing so was justifiable or not is a matter for the jury upon the trial of the issues. It does not appear upon these findings that she was sufficiently free from fault to justify the allowance of alimony before trial as the case now stands.

It may be, as was said in *Page v. Page,* 161 N. C., 175, "if the plaintiff will exercise a little more self-control and forbearance and perform her household duties as becomes a dutiful wife and exhibit a little more

consideration for her husband and real affection for him, the present distressing situation will soon be changed, if not reversed, and her home and her life will become brighter and happier."

The plaintiff contends that an appeal does not lie from an order allowing alimony *pendente lite*. It is true that this was held, *Earp v. Earp*, 54· N. C., 118; but this was changed by Revised Code, sec. 15, ch. 39; *Morris v. Morris*, 89 N. C., 112. This has been reaffirmed since in *Moore v. Moore*, 130 N. C., 333, and in *Barker v. Barker*, 136 N. C., 320. The plaintiff contends that Revisal, 1566, does not contain the authority to appeal that was given by Revised Code, ch. 39, sec. 15; but the last two cases were decided under the general law regulating appeals, Revisal, 587, and it was unnecessary to continue the former special authority given in the Revised Code, above cited, in such cases.

As the plaintiff could not readily give bond, doubtless it would be a complete loss to the defendant to pay alimony during a litigation which could be prolonged by the plaintiff, if at the trial on the merits the facts were found by the jury in favor of the defendant. It is, therefore, one of those cases in which the judgment, though not final, "affects a substantial right" and entitles the defendant to have the order reviewed.

Upon the evidence and the facts as found by the court, the order was improvidently granted, and must be

Reversed.