## NANCY EASELEY v. GILES EASELEY.

### (Filed 16 May, 1917.)

**Marriage and Divorce—Alimony—Findings—Appeal and Error—Statutes.**

> To sustain on appeal an order of the trial judge allowing alimony to the wife *pendente lite*, in an action for divorce *a mensa*, it is necessary for the judge to have found the facts, upon conflicting evidence, upon which he had based his order; and his finding only that the plaintiff had made out a prima facie case of abandonment is insufficient. Revisal, sec. 1566.

CIVIL ACTION to obtain a divorce from bed and board on account of abandonment, heard on motion for alimony *pendente lite,* before *Ferguson, J.,* at December Term, 1916, of BURKE.

There was judgment allowing alimony, and defendant, having duly excepted, appealed.

*No counsel for plaintiff.*
*Avery & Huffman for defendant.*

HOKE, J. The complaint, properly verified, seems to contain facts sufficient to justify a decre on the ground claimed, and on motion for alimony *pendente lite* there were supporting affidavits on the part of plaintiff and very full affidavits in denial on the part of the defendant. After argument of counsel and on consideration of the affidavits, there was decree allowing alimony, the court adjudging that the "plaintiff has made out a prima facie case on the issue of abandonment." This statement contained in his Honor's judgment is all the finding that was made by him on the question submitted, and, in our opinion, it is entirely insufficient to sustain the order allowing alimony. The statute controlling the question, Revisal, sec. 1566, provides that on a hearing of this character alimony should be allowed when plaintiff shall, in her complaint, set forth such facts "which upon application for alimony shall be found by the judge to be true and to entitle her to the relief demanded in the complaint," and in numerous decisions construing the statute it has been held that the judge must find the essential and issuable facts and set them out in detail so that this Court can determine from the facts as found whether the order for alimony can be upheld as the correct legal conclusion. *Garsed v. Garsed,* 170 N. C., 672; *Moody v. Moody,* 118 N. C., 926; *Lassiter v. Lassiter,* 92 N. C., 129; *Morris v. Morris,* 89 N. C., 113. In *Moody's case* it was held: "An order allowing alimony is erroneous if made without a finding of facts by the judge." In *Lassiter v. Lassiter, supra,* it was held: "In applications for alimony *pendente lite* it is competent for the husband to controvert the allegations of the complaint by affidavit or answer, and the judge must find the facts and set them forth in the record." While these findings and the order predicated thereon are not finally conclusive on the parties nor receivable in evidence on the trial of the issues before the jury, unless modified on further notice and hearing, they are conclusive for the purposes of the motion, and, operating as they do to presently deprive a defendant of his property, they should be decided and set out in conclusive form and in such detail that the appellate court, as stated, may be able to determine whether they justify the order made. We have ferquently held that the term "prima facie" is evidential and not conclusive. *Furniture Co. v. Express Co.,* 144 N. C., pp. 639-644; *Stewart v. Carpet Co.,* 138 N. C., 60; *Womble v. Grocery Co.,* 135 N. C., 474; and the findings of his Honor in the present case. are defective both in failing to find and set out the relevant facts and in finding that the allegations were only prima facie established.

There is error, and this will be certified, that the judgment awarding alimony be set aside and the questions and cause be proceeded with in accordance with law.

Error.