MATTIE B. HORTON v. STANLY HORTON.

(Filed 24 October, 1923.)

**Divorce—Abandonment of Wife—Alimony—Appeal and Error—Findings of Fact—Conduct of Husband—Marriage.**

> The Superior Court judge, in allowing alimony to the wife *pendente lite*, under the provisions of C. S., sec. 1666, must find the essential and issuable facts and set them out in full for the purposes of the appeal, so that the Supreme Court may determine therefrom whether the order appealed from should be upheld, and his general and inconclusive estimate of such facts is insufficient; and where her action is for a divorce *a mensa* on the ground of abandonment, for that she was compelled to leave home by the conduct of her husband, the judge must find such facts that would justify her in law for so doing, at the time she left her husband, and those that occurred thereafter are insufficient.

CLARK, C. J., dissenting.

CIVIL ACTION, for divorce *a mensa,* etc., heard on motion for an allowance of alimony *pendente lite,* before *Bond, J.,* at April Term, 1923, of DURHAM.

The court granted the application, the judgment entered being as follows:

"This matter coming on to be heard before me, and, after hearing the evidence offered by both sides, and the argument of counsel, the court finds the following facts:

"That the plaintiff and defendant were married to each other, as alleged in the pleading; that thereafter a separation took place, and they are now living separate and apart from each other; that the plaintiff left the home of her husband because of treatment by him which made it so that she could not remain longer in the home; that she has brought suit against the defendant for a divorce from bed and board, and brought the suit in Durham County, while her husband resides in Wake County, as she did before the separation.

"Motion is made by the defendant to order the case removed for trial to the Superior Court of Wake County; that motion is denied, the court finding as a fact, at the time she brought her action she was a resident of Durham County. The court further finds that, although she left her husband's home, she was caused to do so by reason of treatment accorded her and statements made to her by her husband—among others, that if she would leave and get a divorce from him he would bear the expense of same and would pay her a sum of money; that her health was bad, causing her to go to a hospital, where she stayed for a period of time, her husband paying her no attention and refusing to pay bill for same; that her husband owns valuable land and other property, while she has no property.

"It is ordered that the defendant pay to the plaintiff the sum of $50 per month, the first payment to be made on the 5th day of July, 1923, and that the sum of $50 be paid to her by him each thirty days after that date.

"It is further ordered that the defendant pay to the plaintiff's attorney as counsel fees the sum of $150, on or before 15 July, 1923.

"W. M. BOND, *Judge.*"

Defendant excepted and appealed, assigning for error that there was not sufficient finding of facts to justify an award of alimony and counsel fees.

*Brogden, Reade & Bryant for plaintiff.*
*Pou, Bailey & Pou for defendant.*

HOKE, J.　Our statute (C. S., sec. 1666) provides that alimony *pendente lite* may be allowed to a wife seeking divorce whenever she sets forth in her complaint such facts as will uphold a judgment for relief, and where the judge, on the hearing of the application, shall find these facts to be true, and shall find further that the wife has not sufficient means for her subsistence and to defray the necessary and proper expenses of the suit.　Speaking to this question in *Easeley v. Easeley,* 173 N. C., 531, the Court said: "The statute controlling the question (Revisal, sec. 1566) provides that on a hearing of this character alimony should be allowed when plaintiff shall, in her complaint, set forth such facts 'which, upon application for alimony, shall be found by the judge to be true and to entitle her to the relief demanded in the complaint,' and in numerous decisions construing the statute it has been held that the judge must find the essential and issuable facts and set them out in detail, so that this Court can determine from the facts as found whether the order for alimony can be upheld as the correct legal conclusion." Citing *Garsed v. Garsed,* 170 N. C., 672; *Moody v. Moody,* 118 N. C., 926; *Lassiter v. Lassiter,* 92 N. C., 129; *Morris v. Morris,* 89 N. C., 113.

Under the interpretation of the statute approved in these and other like decisions, there are no sufficient findings of facts by the court below to sustain an award of alimony in the cause.　True, his Honor, in the judgment, finds, among other things, "That although she left her husband's home, she was caused to do so by reason of treatment accorded her and statements made to her by her husband—among others, that if she would leave and get a divorce from him he would bear the expense of same and pay her a sum of money"; but a careful examination of the statement will disclose that, in so far as it purports to be a finding of abandonment on the part of the husband, it is only a general and inconclusive estimate on the part of his Honor as to the conditions presented,

HORTON *v.* HORTON.

and the only fact determined is that at one time "he offered to pay for a divorce if she would leave and obtain one." According to defendant's evidence, this was on one occasion only, and in reply to a threat of the wife to leave him; but in any event, standing alone, it is entirely insufficient to justify a separation of a husband and a wife. The further finding as to defendant's refusal to pay the hospital fees at Durham, and his inattention while she was there—this took place after plaintiff had left defendant's home—and although generally pertinent to the inquiry, must take its complexion largely from the correct determination of the principal fact, whether plaintiff was justified in leaving her husband's home. While abandonment is one of the statutory grounds for a divorce from bed and board, and it is true, as plaintiff contends, that if a husband, by continued and persistent cruelty or neglect, forces his wife to leave him or his home, he may well be held guilty of abandonment. *High v. Bailey,* 107 N. C., 71; *Setzer v. Setzer,* 128 N. C., 170. It is equally true that when the wife voluntarily leaves the husband's home without good cause or sufficient excuse, this charge and its consequences may not be imputed to him.

On the record as now presented, we are of opinion that defendant's objection must be sustained, and this will be certified, that the order allowing alimony and counsel fees be set aside without prejudice, and that the matter be further proceeded with as plaintiff may be advised.

Reversed.

CLARK, C. J., dissenting: The facts found by the judge upon a motion for alimony are that, though the wife left her husband's home, "she was caused to do so by reason of the treatment accorded her," and "statements made to her by her husband—among others, that if she would leave and get a divorce from him he would bear the expense of same and would pay her a sum of money; that her health was bad, causing her to go to a hospital, where she stayed for a period of time, her husband paying her no attention and refusing to pay bill for the same; that her husband owns valuable land and other property, while she has no property." The husband admits in his answer the fidelity of his wife, his possession of property, and the utter poverty of the wife.

If it be conceded that the finding that the husband stated to her that if she would leave and get a divorce he would bear the expense and pay her a sum of money was not sufficient ground to base the judgment for alimony, yet the judge finds as a fact that she was "caused to do so (leave her husband's home) by reason of the treatment accorded her." This, upon the face of it, taken in connection with the other findings as to the husband's refusal to pay anything for her necessary expenses while at the hospital, though he is a man of large property, and she has

nothing, should entitle her to the alimony allotted her of $50 per month while the matter is being more fully investigated.

If the finding that she was caused to leave by reason of treatment accorded her by her husband was not full enough, it was the duty of the husband to ask for a finding of more sufficient details. It must be remembered that, under such circumstances, usually, and it is found as a fact in this case, the wife is in entirely destitute circumstances, with no means of support and nowhere to go, and she is not able to bear the expense and delay of appeals to this Court upon such objections, which it was the duty of the husband to have avoided by asking for fuller finding as to the nature of the treatment which had caused her to leave.

This statute is the humane provision for persons in the circumstances of this plaintiff, and it should be construed liberally, not narrowly, to furnish the remedy desired, which is that a destitute wife might have some support and somewhere to go, and some means of employing counsel that her case may be heard, and of obtaining medical treatment, which it was in evidence she acutely needed.

With this wife, as with many others, it must be remembered that she has been occupied with her household duties, under which her health has broken down; that she has received no pay for her services beyond food and clothes, and that when her husband tires of her she has not a cent of money while the husband, out of doors and mixing with the world, has accumulated wealth. Under these circumstances, when the husband tires of the wife and bids her be gone, or treats her so harshly as to make her staying with him unendurable, it would be brutal if the law did not require him to furnish some means that she may lay her grievance before the courts with an allowance for subsistence in the meantime, and the law passed for that purpose should not be construed so technically as to make it impossible or difficult for her to present her case.

To construe this statute strictly so as to require successive appeals to this Court upon technical objections which the husband should have avoided by asking for more complete statement of the details—of which he was already informed—destroys the very object of the statute, which is to give to the sick and destitute wife some means of living while the issue of divorce from bed and board is being investigated.

If this is not done, it leaves it in the power of the husband to prevent her prosecuting the action and to prevent the court from passing upon the merits of the case. She is without remedy if denied that which the law was intended to give her.

The defendant does not aver that his wife has been unfaithful to him in any way, and the sole assignment of error is that the findings of fact are not sufficient in law to sustain the judgment allotting the wife alimony *pendente lite*.