MRS. IDA McMANUS v. A. W. McMANUS.

(Filed 12 May, 1926.)

**1. Divorce—Alimony—Statutes—Pleadings—Allegations.**

The complaint must allege facts sufficient to constitute a good cause of action under the provisions of C. S., 1667, when the wife proceeds thereunder, for the court to allow her from the estate or earnings of her husband a reasonable support and counsel fees, and when the wife alleges only that she has left her husband because he failed to fulfill his promise to supply her with certain conveniences, it is insufficient.

**2. Same—Common Law—Husband's Cross-Action—Appeal and Error—Procedure.**

The provisions of C. S., 1667, are cumulative to the rights of the wife at common law for alimony *pendente lite*, and when the common-law right thereto is available to her in her husband's cross-action for divorce, C. S., 1666, it is necessary for the trial judge on appeal to the Supreme Court to find the facts upon which he bases his order, and where it does not appear that the order for alimony has been made in the wife's suit under C. S., 1667, or the husband's cross-action, C. S., 1666, and it does not appear that the wife was thereto entitled, the order will be reversed and remanded to be further proceeded with.

**3. Same.**

The voluntary abandonment by the wife of her husband without legal justification, will not entitle her to alimony in her suit for divorce from bed and board, under the provisions of C. S., 1660(1).

McManus *v.* McManus.

· APPEAL by defendant from order of *Bryson, J.,* at September Term, 1925, of MECKLENBURG. Reversed and remanded.

Plaintiff and defendant were married on 25 August, 1924. This action was begun on 12 June, 1925, by plaintiff to have a reasonable subsistence allotted and paid or secured to her from the estate or earnings of defendant, under the provisions of C. S., 1667. Defendant answered plaintiff's complaint and also filed a cross-complaint in which he prayed that he be granted a divorce from bed and board from plaintiff. C. S., 1660(1).

At September Term, 1925, the court, after hearing the pleadings, and the evidence offered by both plaintiff and defendant, ordered that defendant pay to plaintiff on the first day of each month thereafter, until the final adjudication and termination of the cause, the sum of fifty dollars, as alimony *pendente lite;* it was further ordered that defendant pay to the attorneys of plaintiff the sum of one hundred dollars as counsel fees to enable plaintiff to prosecute her action.

Defendant excepted to this order and appealed therefrom to the Supreme Court.

*No counsel for plaintiff.*
*Stewart, McRae & Bobbitt for defendant.*

CONNOR, J. It does not clearly appear from the record whether the order from which defendant has appealed to this Court was made in the principal action of plaintiff against defendant, for alimony without divorce, under C. S., 1667, or whether it was made in defendant's cross-action against plaintiff, for divorce from bed and board, upon his allegation that she has abandoned him. C. S., 1660(1).

In an action for alimony without divorce, instituted by the wife against the husband, under C. S., 1667, an order requiring the husband to provide, out of his estate or earnings, for the temporary support of his wife, pending the trial and final determination of the issues involved in the action, may be made by the resident judge, or by the judge holding the courts of the district in which the action is pending. If the husband has separated from his wife, he must support her according to his means and condition in life, taking into consideration the separate estate of the wife, until the issues can be determined by a jury, notwithstanding his contention that he was justified in leaving her; he is not relieved of his legal duty to support her, pending a determination of the truth of such charges, unless he alleges and the judge finds that the wife has committed adultery. Public Laws 1923, ch. 52. It is immaterial what counter charges, other than that she has committed adultery, the husband makes against his wife. There is no specific statutory requirement

that the judge shall find the facts as a basis for his order providing for the temporary support of the wife, except when her adultery is alleged by the husband as a bar to her recovery, or as a basis for his judgment providing a reasonable subsistence, out of the estate or earnings of the husband, after the issues have been determined in her favor by the jury. *Allen v. Allen,* 180 N. C., 465. This rule, however, does not dispense with the necessity of allegations in the wife's complaint of facts sufficient to constitute a good cause of action under the statute. *Price v. Price,* 188 N. C., 640; *Horton v. Horton,* 186 N. C., 332; *Garsed v. Garsed,* 170 N. C., 672. If the facts alleged in the complaint are sufficient to entitle her to relief as provided by the statute, an order for her temporary support, and counsel fees, out of the estate or earnings of the husband, pending the final adjudication, should be made by the judge. If the complaint does not allege sufficient facts to constitute a good cause of action under C. S., 1667, an order for temporary support and counsel fees, pending the trial of the issues, or a judgment requiring the husband to provide reasonable subsistence and counsel fees for the wife after the issues have been determined in her favor, is erroneous.

In an action brought by the wife against the husband, for divorce from the bonds of matrimony, or from bed and board, an order for the payment by the husband to the wife of alimony *pendente lite* may be made by the judge under C. S., 1666; such an order may also be made in an action brought by the husband against the wife for divorce, notwithstanding the statute provides for the payment of alimony *pendente lite* by the husband only when a married woman applies to a court for divorce. The statute is remedial in its nature, affirmative in its terms, and cumulative in its effect; it does not conflict with or abrogate the common law. *Medlin v. Medlin,* 175 N. C., 529. Whether an order for alimony *pendente lite* is made in an action brought by the wife against the husband, under C. S., 1666, or in an action brought by the husband against the wife, by virtue of the principles of the common law, the judge must find the facts upon which he bases his order for alimony *pendente lite. Price v. Price,* 188 N. C., 640; *Easeley v. Easeley,* 173 N. C., 530; *Zimmerman v. Zimmerman,* 113 N. C., 432; *Moody v. Moody,* 118 N. C., 926. An order for the payment by the husband to the wife of alimony *pendente lite,* is subject to review, upon appeal, by this Court, when made either under C. S., 1666, in an action brought by the wife against the husband, or under the principles of the common law, in an action brought by the husband against the wife. An order for the payment of alimony *pendente lite,* made in an action for divorce, either from the bonds of matrimony or from bed and board, without a finding by the judge of the facts upon which he makes the order, is erroneous.

The facts alleged in the complaint filed by plaintiff in this action are not sufficient to constitute a cause of action under C. S., 1667. Plaintiff alleges specifically that she left the defendant—first on 6 September, 1924, after having lived with him for ten days, at his home in Union County, N. C.; secondly, on 11 April, 1925, after she had returned to his home and lived with him again for ten days at his home in the city of Charlotte. She does not allege that defendant separated himself from her, and failed to provide her with necessary subsistence, according to his means and condition in life, or that he was guilty of any misconduct toward her. No facts are alleged which justify or excuse her in leaving defendant. She alleges only that he failed, neglected and refused to buy a home for her in Charlotte, to pay her debts, and to purchase for her an automobile, costing not less than $2,300, and that she left him because of such failure, neglect and refusal. It is true that she alleges that she married him, and after leaving him in September, 1924, returned to him on 1 April, 1925, because of his promise to buy the home, pay her debts, and purchase the automobile made first before the marriage, and again before her return to him. He denies these allegations. If, however, the facts are as she alleges in her complaint, they are not sufficient to entitle her to invoke, in her behalf, the well-settled principle that if a husband by his misconduct or wrongful acts towards his wife, compels or justifies her in leaving him and his home, this, in law, constitutes an abandonment of her by him, and will entitle her to maintain an action against him for divorce from bed and board, under C. S., 1660(1), or for subsistence under C. S., 1667, although in fact she left her husband, and lives separate and apart from him. It is justly held that her conduct in leaving him, under these circumstances, is not voluntary, and therefore not an abandonment by her of her husband. This principle has been consistently recognized and frequently applied by this Court. *Crews v. Crews,* 175 N. C., 178; *Dowdy v. Dowdy,* 154 N. C., 558; *Setzer v. Setzer,* 128 N. C., 171; *High v. Bailey,* 107 N. C., 70. It is not applicable, however, to the facts alleged by plaintiff in her complaint in this action. The failure, neglect or refusal of a husband to comply with promises made to his wife, whether made before or after marriage, with respect to property or property rights, although the wife was induced by such promises to marry him, or to return to her husband, after she had voluntarily left him, subsequent to the marriage, cannot be held to justify the wife in leaving her husband, or if she does leave him, because of such failure, neglect or refusal, to entitle her to relief under C. S., 1667. While the law recognizes and enforces the rights of a wife in and to her husband's property, both during his lifetime and after his death, and will compel the husband so long as he lives to support a faithful and deserving wife according to

his means and condition in life, it will not encourage marriages based solely upon mercenary considerations. The interest of the State and of society in the status resulting from marriage is too vital to permit a husband or a wife to absolve himself or herself from the performance of duties incident to and arising out of the marriage relation, merely because of disappointment as to the pecuniary results of the marriage.

Defendant's contention that the order, if made in plaintiff's action against defendant, for alimony without divorce, was erroneous for that the complaint does not allege facts sufficient to constitute a good cause of action under C. S., 1667, must be sustained.

If the order was made in defendant's cross-action against plaintiff, for divorce from bed and board, it must likewise be held to be erroneous, for no facts are found to support the order. The order must therefore be reversed. Plaintiff may renew her application for alimony *pendente lite* in the cross-action of defendant against her for divorce from bed and board. No order, however, should be made in this action for the payment of such alimony, without a finding of the facts by the judge.

Reversed and remanded.