The plaintiff sued her husband for alimony and support under G.S.,50-16, quid vide. She alleges in her complaint specific acts of cruelty, including beating, at the hands of her husband, threats against her life, and conduct which rendered her condition intolerable and life burdensome, *Page 595 
and which made it necessary for her health and safety that she leave the domicile of her husband and seek safety elsewhere. It is further alleged that defendant thereafter was convicted of an assault upon her with a deadly weapon and sentenced to a prison term, which sentence was suspended and defendant placed on probation upon condition that he support her and a child of the marriage; and that in compliance with the terms of the probation, he has contributed $85 per month to the support of herself and child every month, save one, since he was placed on probation, which she admits has been adequate to maintain them while they resided with her mother.
She alleges further that she owns no property sufficient to sustain herself and son, that she is in ill health, and unable to earn a livelihood.
She further alleges that defendant has notified her that at the expiration of two years from the date of their separation he will not contribute anything for the support of herself and child; and has declared his purpose at that time to obtain a divorce from her on the grounds of two years separation.
The defendant denies material allegations of the complaint, and for a further defense sets up a separation agreement, alleged to have been made between himself and the plaintiff 1 May, 1944, which is made an exhibit to the answer. The agreement is in writing, properly signed and acknowledged, and the notary certifies that it is not injurious to the wife.
After making provision for release of any right which either spouse may have in the other's separate property, now owned or thereafter acquired, the agreement contains the following provision pertinent to the appeal and decision:
"The said husband shall pay to the said wife for the support and maintenance of herself and their said child, and for the education of said child, $37.50 on this 1st day of May, 1944, and $37.50 on the 15th day of May, 1944, and a like amount on the first and fifteenth days of June, July, August, September, and October, 1944, and $42.50 on the 1st day of November, 1944, and $42.50 on the fifteenth day of November, 1944, and a like amount on the first and fifteenth days of each calendar month thereafter during the minority of said Robert Allen Butler; when said Robert Allen Butler has attained his majority or otherwise becomes self-supporting, that an agreement shall be made between the parties hereto for the payment by said husband to said wife a fair and reasonable amount for her support and maintenance, the amount to be determined by the income of the said husband (or his earning ability), and the then respective financial needs of said husband and wife. Each party hereto reserves the right to appeal to the Resident Judge of the Second Judicial District of North Carolina for a revision in the amount to be paid to the said wife, either for the joint support and *Page 596 
maintenance of the said wife and the said Robert Allen Butler, or solely for the support and maintenance of said wife."
Incidental to the noted provisions is paragraph 10, as follows:
"Nothing herein contained shall be construed as limiting or restricting the right and privilege of either of the parties hereto to seek and obtain for any just and legal cause a dissolution of their marriage, provided only that the covenants and agreements herein contained with respect to the custody, support, maintenance and education of the child of the parties hereto, and with respect to the support and maintenance of said wife, shall continue and remain in full force and effect in so far as the parties hereto, and each of them, has the right and power to contract and agree as relates thereto."
Pending a hearing on the merits, the plaintiff petitioned for an allowance of support pendente lite and attorney's fees, and the motion was heard upon notice by Judge Bone at Chambers, 18 May, 1946, and the following order was made in the premises:
"Upon the hearing, it appears to the Court and the Court finds as facts that on or about April 23, 1944, the defendant committed an assault upon the plaintiff which resulted in his indictment and conviction in the Superior Court of Nash County at the May Term, 1944; that on May 1, 1944, plaintiff and defendant entered into a separation agreement, a true copy of which is attached to the answer of the defendant; that it is not contended by the plaintiff that said separation agreement is for any reason invalid, nor is it contended that the same has not been complied with by the defendant, but, on the contrary, it is admitted by the plaintiff that defendant is now making the payments of money provided for in said separation agreement; that defendant has expressed to plaintiff his intention to obtain an absolute divorce at the end of two years from the date of their separation and has made statements causing plaintiff to anticipate and fear that defendant will not comply with said separation agreement after obtaining a divorce; that the amounts which are now being paid to plaintiff by defendant are adequate for the support of plaintiff and the child of the marriage, and no contention is made by plaintiff that such sums are inadequate.
"The Court is of the opinion that plaintiff is not entitled, pending the trial of the issues, to an order awarding her any sum for maintenance and support of herself and the child of the marriage, but the Court finds that there are serious questions of law involved in this action, that plaintiff is without funds with which to pay counsel fees and that plaintiff is entitled to have an order requiring defendant to pay to her counsel reasonable fees, which are hereby fixed by the Court at $100.
"Now, therefore, it is by the Court ORDERED, ADJUDGED AND DECREED that plaintiff's application for maintenance and support pendente lite be, *Page 597 
and the same is hereby denied, but the defendant is ordered to pay to Wilkinson and King, attorneys for plaintiff, the sum of $100 as counsel fees, $50 of which shall be paid on or before June 1, 1946, and the remainder on or before July 1, 1946."
From this order both plaintiff and defendant appealed — the plaintiff from denial of temporary support and the defendant from the allowance of counsel fees.
The allowance of support and counsel fees pendente lite in a suit by the wife against the husband for divorce or alimony without divorce is, in certain aspects, within the discretion of the court. 17 Am. Jur., 531. It is not, however, an absolute discretion to be exercised at the pleasure of the court and unreviewable. It is to be exercised within certain limits and with respect to factual conditions which are controlling. Morris v. Morris,89 N.C. 109; Moore v. Moore, 130 N.C. 333, 44 S.E. 943; Barker v.Barker, 136 N.C. 316, 48 S.E. 733. Generally speaking (and excluding statutory grounds for denial), allowance of support to an indigent wife while prosecuting a meritorious suit against her husband under G.S.,50-16, for alimony without divorce — and in similar actions here and elsewhere — is so strongly entrenched in practice as to be considered an established legal right. Miller v. Miller, 75 N.C. 70; Oliver v.Oliver, 219 N.C. 299, 13 S.E.2d 549. In such case discretion is confined to consideration of the necessities of the wife on the one hand, and the means of the husband on the other. But to warrant such allowance the court is permitted and expected to look into the merits of the action, and would not be justified in allowing subsistence and counsel fees where the plaintiff, in law, has no case. Brooks v. Brooks, ante, 280; McManus v.McManus, 191 N.C. 740, 133 S.E. 9; Horton v. Horton, 186 N.C. 332,119 S.E. 490.
The Court is of opinion that the jurisdiction of the court invoked under G.S., 50-16, is not barred by the separation agreement pleaded, and that within the frame of her present action, the plaintiff may seek such relief as she may be entitled to have.
It appears that the wife is without property or resources of her own, is in ill health and unable to earn a living. In so far as the jurisdiction of that court is concerned, the husband might have quit the payments at any time he saw fit. She was entitled to the security of a court order. Incidentally, it may be said that this intended security is, doubtless, theraison d'etre of the statutes themselves. *Page 598 
For the reasons stated, on plaintiff's appeal the case must be remanded for proceeding in accordance with this opinion; on defendant's appeal the judgment is affirmed.
On plaintiff's appeal,
Error and remanded.
On defendant's appeal,
Affirmed.