MARGUERITE L. WILLIAMS v. JEROME O. WILLIAMS.

(Filed 17 January 1964.)

**1. Divorce and Alimony § 17;    Husband and Wife § 11—**

     The court is without authority to award the wife alimony and counsel fees while a valid deed of separation between the parties remains unimpeached.

**2. Same—**

     A resumption of marital relations rescinds a prior deed of separation.

### 3. Divorce and Alimony § 18—

Defendant in an action for divorce from bed and board may not contend that the court is without power to award counsel fees and subsistence *pendente lite* until after the validity of a prior deed of separation between the parties had been determined by a jury, but the court may enter the order *pendente lite* upon its finding that the deed of separation had been rescinded by a resumption of the marital relations, although its finding in this respect is not binding on the trial on the merits. G.S. 50-15.

### 4. Appeal and Error § 35—

Statements in the record disclosing that the order appealed from was duly heard in regular course are controlling notwithstanding statements in appellant's brief to the contrary.

### 5. Appeal and Error § 22a—

An assignment of error to the denial of a motion to strike portions of the complaint must disclose the matter which appellant sought to have stricken without a voyage of discovery through the record.

### 6. Appeal and Error § 16—

The granting of *certiorari* does not relieve movant of the necessity of preserving his exceptions and of perfecting his appeal with regard to the assignments of error as required by the Rules of Practice in the Supreme Court.

### 7. Divorce and Alimony § 18—

Under the 1961 amendment to G.S. 50-15 the lower court is no longer under the necessity of setting forth its findings of fact in detail in awarding subsistence *pendente lite* under G.S. 50-15, and when the evidence is sufficient to sustain an affirmative finding of all the predicate facts it will be presumed on appeal that the court found the facts entitling the wife to subsistence, and that it appeared to the court that the wife lacked sufficient means on which to subside during the pendency of the suit.

### 8. Divorce and Alimony § 23;　Husband and Wife § 11—

A separation agreement does not deprive the court of its authority to enter an order requiring the husband to make specific monthly payments for the support of the minor children of the marriage, and the amounts agreed upon in the deed of separation for the support of the children is merely evidence for the court to consider with other evidence in determining a reasonable amount for their support.

### 9. Parent and Child § 6—

The primary obligation for the support of a minor child rests upon the father, and such duty does not end with the furnishing of mere necessities if the father is able to afford more, and in addition to the actual needs of the child the father has a legal duty to give the child those advantages which are reasonable, considering his financial condition and position in society.

**10. Divorce and Alimony § 23—**
  The amount to be allowed by the court for the support of the minor children of a marriage rests in the court's sound discretion upon consideration of the needs of the children in the light of the special circumstances of the parties, their station in life, their standard of living and the advantages to which they had become accustomed.

ON writ of *certiorari*, treated as an appeal by defendant to review the order of *McLaughlin, J.*, signed July 20, 1963 in chambers in an action pending in IREDELL.

The plaintiff, wife, instituted this action to obtain a divorce from bed and board. She asked for both temporary and permanent alimony, counsel fees, the custody of the two minor children of the marriage, and an allowance for their support. In the complaint and the two amendments thereto, she alleged that she and the defendant separated on August 8, 1961, resumed marital relations on July 15, 1962 and separated again on August 12, 1962, on which date the defendant wrongfully abandoned her and since which he has willfully refused to provide her and the children with adequate support. She further alleged that each separation was preceded by conduct (detailed in some paragraphs and pungently characterized in others) which rendered her life burdensome and her condition intolerable.

The defendant filed a motion to strike numerous portions of the original complaint and each amendment in its entirety. He has as yet filed no answer to the complaint but, prior to the hearing on plaintiff's application for temporary alimony and counsel fees, he filed a "Plea in Bar" in which he set up a deed of separation, duly executed and acknowledged by the parties on June 8, 1962, as a complete bar to plaintiff's claim for support and counsel fees. A copy of the deed of separation was attached to the plea. It recited that in consideration of ten thousand dollars, plus "certain tangible personal property" which she had removed from their home, plaintiff released defendant from his obligation to support her and conveyed to him all her interest in their joint property. The parties agreed therein that plaintiff should have the custody of the two children of the marriage subject to certain visitation rights in the defendant and that he would pay plaintiff two hundred dollars a month to compensate her for the living expenses of each child while in her custody.

Plaintiff replied to the plea in bar, alleging that after the execution of the deed of separation the parties became reconciled and lived together as man and wife from July 15, 1962 until August 12, 1962 when the defendant, without justification, abandoned her and the minor children.

WILLIAMS *v.* WILLIAMS.

On July 20, 1963 Judge McLaughlin heard plaintiff's motion for temporary alimony and counsel fees. His Honor found the facts in accordance with the plaintiff's evidence and contentions. It would serve no useful purpose to recapitulate the evidence which covers 150 pages of the record. It recounts in oppressive detail a sad and tragic saga which, if true, fully justified the judge's findings. Only the evidence pertinent to this decision will be referred to in the opinion. On the hearing the judge considered and denied defendant's motion to strike, his appeal from the clerk's order allowing the amendments to the complaint, and the plea in bar. He awarded the custody of the two children to the plaintiff, and denied the defendant any contact whatever with them. Pending the further orders of the court, he directed the defendant to pay the plaintiff $1,500.00 a month—$500.00 for her support and $500.00 for the support of each child. From this order the defendant appealed, assigning nine errors.

*Deal, Hutchins & Minor by Fred S. Hutchins and Edwin T. Pullen; Chamblee & Nash by M. L. Nash for plaintiff appellee.*
*Williams, Willeford & Boger; E. T. Bost, Jr.; and W. R. Battley for defendant appellant.*

SHARP, J.   Defendant's assignments of error 1, 4, 5, and 8 relate, in substance, to his Honor's ruling that the deed of separation did not constitute a valid plea in bar. A wife who, in a valid deed of separation, has released her husband from his obligation to support is remitted to her rights under the agreement. As long as the deed of separation stands unimpeached, the court is without power to award her alimony and counsel fees. *Kiger v. Kiger*, 258 N.C. 126, 128 S.E. 2d 235; *Brown v. Brown*, 205 N.C. 64, 169 S.E. 818. A resumption of marital relations by the parties, however, will annul and rescind the deed of separation. *Turner v. Turner*, 242 N.C. 533, 89 S.E. 2d 245; *Reynolds v. Reynolds*, 210 N.C. 554, 187 S.E. 768. The defendant recognizes this rule of law but he contends that since he had denied any resumption of marital relations with the plaintiff, the court was without authority to award her alimony *pendente lite* until that issue had been determined by a jury. When the judge declined to delay the hearing on this ground, defendant attempted to delay it by noting an immediate appeal to the Supreme Court. However, the judge proceeded to hear the entire matter, including the parties' evidence pertaining to the plea in bar. After doing so he found the facts against the defendant.

The defendant's contention with reference to the hearing of his plea cannot be sustained. It was decided adversely to him in *Oldham v.*

*Oldham,* 225 N.C. 476, 35 S.E. 2d 332, and *Taylor v. Taylor,* 197 N.C. 197, 148 S.E. 171. In each of these cases (actions for alimony without divorce) the defendant contended that a deed of separation between the parties must first be declared invalid before the judge could award alimony *pendente lite.* In each case the court overruled this contention. In *Oldham, Denny, J.* (now C.J.) said, "We know of no defense that limits the power of a trial court to award subsistence *pendente lite* under G.S. 50-16, except the defense specified in the statute (adultery) . . . . Therefore, in an action for alimony without divorce the validity or reasonableness of a separation agreement need not be determined before the court can award temporary allowances. The statute expressly provides that such allowances may be made 'pending the trial and final determination of the issues involved in such action'."

*Oldham* and *Taylor,* although decided under G.S. 50-16, are equally applicable to a motion for temporary alimony under G.S. 50-15 pending the trial of an action for divorce from bed and board. "The granting of alimony *pendente lite* is given by statute for the very purpose that the wife have immediate support and be able to maintain her action. It is a matter of urgency." 2 Lee, North Carolina Family Law § 138.

The defendant was not entitled either to have his plea in bar determined by a jury or to have this court review the judge's ruling on the plea in bar before the judge could award plaintiff temporary alimony. *Cf. Veazey v. Durham,* 231 N.C. 354, 57 S.E. 2d 375. The finding of fact by the judge that the parties had resumed marital relations after the execution of the deed of separation is not binding on them upon a trial on the merits, and is not competent in evidence thereon. *Hall v. Hall,* 250 N.C. 275, 108 S.E. 2d 487. Assignments of error 1, 4, 5 and 8 are not sustained.

In the record, defendant's exception No. 2 appears as follows:

> "To the ruling of the Court overruling the defendant's objection and exception to the Orders of the Clerk of the Superior Court allowing amendment to the pleadings by the plaintiff, the defendant excepts."

However, in the grouping of the assignments of error, assignment No. 2 appears as follows:

> "2.   To the ruling of the Court overruling the defendant's objection and exception to the orders of the Clerk of Superior Court allowing amendments to the pleadings by the plaintiff, *without notice or hearing thereon.* (Italics ours).

EXCEPTION No. 2 (R. pp. 43-44).

(Petition for Writ of *Certiorari* filed as to this ruling.)"

The record fails to sustain the statement that the ruling complained of was "without notice or hearing thereon." The order appealed from recites that this matter was "heard upon all the motions filed herein as appears of record and all appeals from the Clerk of Superior Court as appears of record and upon the plea in bar. . . ." Statements in the appellant's brief to the contrary cannot be considered or accepted. The allowance of the motion to amend the complaint was in the sound discretion of the court and no abuse appears.

Assignment of error No. 3 is to "the ruling of the Court in denying the defendant's motions to strike. . . ." The omission indicated is identical with the italics in assignment No. 2 above. Plaintiff's complaint and the amendments thereto constitute fourteen pages of the printed record. Defendant's motion to strike portions of the complaint relates to words, phrases, whole paragraphs, and parts of paragraphs. Nowhere in the record are these segregated nor are they delineated in the complaint itself. Assignment of error No. 3 is equivalent to an assignment relating to a motion to strike which the court characterized as "broadside" in *Harris v. Light Co.,* 243 N.C. 438, 90 S.E. 2d 694. It was to review the ruling of the trial judge in denying defendant's motion to strike in its entirety that this court allowed *certiorari* thereby granting defendant the right to an immediate appeal from the order of Judge McLaughlin. However, in perfecting this appeal, so far as it pertains to the ruling on the motion to strike, the defendant has totally disregarded Rules 19(3) and 21 of the Rules of Practice of the Supreme Court which apply to all appeals whether they come to this Court by writ or in regular order. *Products Corporation v. Chestnutt,* 252 N.C. 269, 113 S.E. 2d 587. See *Nichols v. McFarland,* 249 N.C. 125, 105 S.E. 2d 294. In order to review his Honor's ruling on the motion to strike it would be necessary for this Court to perform a mapping operation before undertaking a "voyage of discovery" through the record. We will do neither. *Pratt v. Bishop,* 257 N.C. 486, 126 S.E. 2d 597. However, we assume that the motion to strike was not made because defendant apprehended any prejudice from the challenged allegations in any hearing before the judge.

Assignment of error No. 7 is to "the failure of the Court to find facts to the effect that the plaintiff has not sufficient means wherein to subsist during the prosecution of the suit as the basis for the award of alimony *pendente lite* under G.S. 50-15." It is not necessary to decide whether this assignment challenges the award to the wife because

assignment of error No. 9 to the entry of the order allowing plaintiff temporary alimony raises the question whether the facts found are sufficient to support the order. *Clark v. Freight Carriers,* 247 N.C. 705, 102 S.E. 2d 252; 1 Strong, N. C. Index, *Appeal & Error* § 21.

The judge found these facts: On August 12, 1962 the defendant "willfully and wrongfully abandoned and deserted the plaintiff and has willfully failed and refused to provide adequate support for plaintiff and the children in keeping with his financial ability and station in life and before, at and since said time has offered such indignities to the person of the plaintiff as to make her condition intolerable and her life miserable as set out in detail in her complaint and amendments thereto and in her other affidavits filed herein, and the Court further finds as a fact and conclusion of law that the resumption of the marital relationship on July 15, 1962 voids (the) deed of separation executed prior thereto on June 8, 1962." He further found that plaintiff is without the necessary funds with which to prosecute her action.

Prior to 1961 when the statute was amended, for a wife to obtain temporary alimony under G.S. 50-15, the requirement of the statute was that she set forth in her complaint facts which would entitle her to the relief demanded, which facts *"shall be found by the judge to be true. . . ."* This Court consistently held that when an award of temporary alimony was made under G.S. 50-15 the statute required the judge to find the essential and issuable facts and set them out in detail so that, upon appeal, the court could determine from the facts whether the judge's conclusion that the wife had a right to alimony was legally correct. *Easeley v. Easeley,* 173 N.C. 530, 92 S.E. 353; *Moody v. Moody,* 118 N.C. 926, 23 S.E. 933; *Griffith v. Griffith,* 89 N.C. 113. The court frequently pointed out the difference between G.S. 50-15 and G.S. 50-16 which contains no requirement that the judge make specific findings with reference to the facts upon which he bases his order for temporary alimony except when the adultery of the wife is pleaded in bar. *Caudle v. Caudle,* 206 N.C. 484, 174 S.E. 304; *McManus v. McManus,* 191 N.C. 740, 133 S.E. 9; *Price v. Price,* 188 N.C. 640, 125 S.E. 264.

As amended by Chapter 80 of the Session Laws of 1961, G.S. 50-15 now provides that it shall be lawful for the judge to order the husband to pay alimony if the facts set forth in her complaint *"shall probably entitle her to the relief demanded."* Apparently, the purpose of this amendment was to eliminate the distinction between G.S. 50-15 and G.S. 50-16 insofar as finding the facts with reference to the truth of the allegations of the complaint is concerned. It removed from G.S. 50-15 the requirement that the judge make specific findings that the

facts set forth in the complaint are true and entitle plaintiff to the ultimate relief demanded therein as a condition precedent to an award *pendente lite*. It is noted, however, that the amendment does not dispense with the requirement that the judge hear the evidence of both parties and determine in his sound legal discretion whether movant is entitled to the relief sought. *Parker v. Parker, post,* 176.

The 1961 amendment did not materially change the wording of G.S. 50-15 with reference to the wife's *need* for temporary alimony as a requirement for an award. After she has satisfied the judge of her right to alimony under the first portion of the statute, it formerly provided that if "it appears to the judge of such court, either in or out of term, by the affidavit of the complainant, or other proof, that she has not sufficient means whereon to subsist during the prosecution of the suit, and to defray the necessary and proper expenses thereof, *the judge may* order the husband to pay her such alimony during the pendency of the suit as appears to him just and proper. . . ." (Italics ours). The only change which the 1961 amendment made in that portion of the statute quoted above was to substitute for the italicized words the following: "it shall be lawful for the judge to. . . ." Thus, there is, and has been, no requirement in G.S. 50-15 that the judge shall find specific facts with reference to the wife's financial condition.

When the judge, after hearing the evidence upon a motion for temporary alimony in an action instituted under G.S. 50-16, either makes an award of alimony or declines to make one, it is presumed that he found the facts from the evidence presented to him according to his convictions about the matter and that he resolved the crucial issues in favor of the party who prevailed on the motion. *Deal v. Deal,* 259 N.C. 489, 131 S.E. 2d 24; *Byerly v. Byerly,* 194 N.C. 532, 140 S.E. 158. This presumption now applies in all respects to an award under G.S. 50-15.

When the trial judge allows alimony under this section, and there is evidence sufficient to sustain his action, it is presumed (1) that he found the facts and resolved them in the wife's favor and (2) that it appeared to him that the wife lacked sufficient means on which to subsist during the pendency of the suit. The evidence in this case is sufficient to sustain his Honor's order.

Nevertheless, as the court has from time to time emphasized, *Price v. Price, supra, Holloway v. Holloway,* 214 N.C. 662, 200 S.E. 436, where the facts are in dispute, the better practice is for the judge to make specific findings on all material points. Ordinarily the attorney for the prevailing party prepares the judgment. As this case demonstrates, good technique would require that he incorporate findings as to all

the material facts upon which the judgment is based. Facts found by the judge are binding upon this court if they are supported by any competent evidence notwithstanding the fact that the appellant has offered evidence to the contrary. *Mercer v. Mercer,* 253 N.C. 164, 116 S.E. 2d 443; *Briggs v. Briggs,* 234 N.C. 450, 67 S.E. 2d 349. Assignments of error 7 and 9 are overruled.

Assignment of error No. 6 presents this question: Is the award of $500.00 a month for the support of each child excessive as a matter of law under the evidence and findings of this case? The evidence of the plaintiff tends to show that prior to their separation the parties had enjoyed a very high standard of living, one in keeping with defendant's income. They belonged to the Country Club. In addition to a home on Country Club Drive in Concord, the defendant owned a farm. The children were brought up to love horses, to ride and to show them. The defendant is, by profession, a pathologist. He receives a percentage of the net operating income from the Cabarrus Memorial Hospital. The judge found that he has a gross annual income of at least $76,120.53. The plaintiff maintained that his annual net income is in excess of $40,000.00. In an affidavit offered at evidence at the hearing, defendant averred that in 1962 he had an "expendable income" after taxes of $30,385.65. In 1961 he declared it to be $38,369.70.

By affidavit, the plaintiff asserted that in order to live in the manner to which she and the two children, now aged fifteen and ten respectively, had become accustomed before the separation, she must receive at least $1,500.00 a month. Her itemization of expenses corroborated this figure. The judge found the facts to be as set forth in plaintiff's affidavit and ordered the defendant to pay this amount. *Inter alia,* the rent on the home the plaintiff and the two children occupy is $200.00 a month; one of the children is being treated by an orthodontist; and they still have their two horses—a luxury or advantage which their father had initiated.

The primary obligation for support of a minor child rests upon the father. *Goodyear v. Goodyear,* 257 N.C. 374, 126 S.E. 2d 113; *Lee v. Coffield,* 245 N.C. 570, 96 S.E. 2d 726. While a husband and wife can bind themselves by a separation agreement "they cannot thus withdraw children of the marriage from the protective custody of the court," *Fuchs v. Fuchs,* 260 N.C. 635, ...... S.E. 2d ......; *Story v. Story,* 221 N.C. 114, 19 S.E. 2d 136, or deprive a minor child of support in accordance with the standards established by law. The concensus of the myriad decisions on the subject is that the measure of the father's obligation is the child's needs in relation to the father's station in life, his pecuniary resources, and his earning ability honestly exercised.

*Coggins v. Coggins,* 260 N.C. 765, 133 S.E. 2d 700; *Bishop v. Bishop,* 245 N.C. 573, 96 S.E. 2d 721; *De Brauwere v. De Brauwere,* 203 N.Y. 460, 96 N.E. 722, 38 L.R.A. (N.S.) 508; 39 Am. Jur., *Parent and Child* § 36; 67 C.J.S., *Parent and Child* § 15. The following statement from 3 Lee, North Carolina Family Law § 229 is pertinent:

". . . . It is frequently said that the parent must supply his minor children with necessaries, but the word 'necessaries' is a relative and elastic term. Necessaries are not limited to those things which are absolutely necessary to sustain life, but extend to articles which are suitable in view of the rank, position, fortune, earning capacity and mode of living of the parent. Articles that might be a luxury to one person may very well be a necessary to another. The customs and fashions of the time as to articles in general use may be a factor to be considered. Many articles which at one time were commonly regarded as luxuries for the few have at a later time become reasonable necessaries for the many. The standard of living has been constantly improving. The law requires the parent to do no more than the best he can do to support his child in the manner suitable to his station and circumstances."

Whatever may have been the rule at common law, a father's duty of support today does not end with the furnishing of mere necessities if he is able to afford more. In addition to the actual needs of the child, a father has a legal duty to give his children those advantages which are reasonable considering his financial condition and his position in society.

In *Hecht v. Hecht,* 189 Pa. Super., 276, 283, 150 A. 2d 139, 143, Woodside, J., observed:

"Children of wealthy parents are entitled to the educational advantages of travel, private lessons in music, drama, swimming, horseback riding, and other activities in which they show interest and ability. . . . It is possible that a child with nothing more than a house to shelter him, a coat to keep him warm and sufficient food to keep him healthy will be happier and more successful than a child who has all the 'advantages,' but most parents strive and sacrifice to give their children 'advantages' which cost money. . . . Much of the special education and training which will be of value to people throughout life must be given them when they are young, or be forever lost to them."

What amount is reasonable for a child's support is to be determined with reference to the special circumstances of the particular parties.

Things which might properly be deemed necessaries by the family of a man of large income would not be so regarded in the family of a man whose earnings were small and who had not been able to accumulate any savings. *Coggins v. Coggins, supra.* In determining that amount which is reasonable, the trial judge has a wide discretion with which this court will not interfere in the absence of a manifest abuse. *Harris v. Harris,* 258 N.C. 121, 128 S.E. 2d 123; *Wright v. Wright,* 216 N.C. 693, 6 S.E. 2d 555.

It is never the purpose of a support order to divide the father's wealth or to distribute his estate. Furthermore, even though the father be a man of great wealth, an excessive award which would encourage extravagant expenditures either by the child or in his behalf would not be in his best interest.

As the court pointed out in *Libby v. Arnold,* 161 N.Y.S. 2d 798, 803:

" 'Additional advantages' do not justify providing luxuries or fantastic notions of style adapted to a tempo of living not normal for the stable, conservative, natural upbringing of a child according to the comfort, dignity and manner in which the father over the years has been accustomed to live. 'Additional advantages' do not mean that even where a father has unlimited means, extravagant demands must be created for the child. The Court may, in its discretion and judgment, on the facts adduced, after as complete a disclosure as is reasonably and realistically available of the essential elements that reveal true insight into the father's income, means and station in life, evaluate and determine the fair measure of support to be ordered."

There is nothing in this record to indicate that Judge McLaughlin did not evaluate and determine "the fair measure of support" when he fixed the allowances in this order.

We have not overlooked the fact that the allowances are more than double the amount which the parties agreed upon in the deed of separation. When a wife petitions the judge to increase the amount which the Court itself has previously fixed for the support of minor children, she assumes the burden of showing that circumstances have changed between the time of the order and the time of the hearing upon the petition for the increase. In such case, she must show either that the need of the children or the cost of their support has increased, or that the ability of the father to pay has increased if the amount originally fixed was inadequate because of the father's inability to pay more. However, prior to the entry of the order appealed from in this case, the defendant's support payments for the children had been made pur-

suant to the terms of a deed of separation which was in no way binding on the court insofar as it applied to the children. Therefore, plaintiff's only burden was to show the amount reasonably required for the support of the children at the time of the hearing. The amount which the parties fixed on June 8, 1962 was merely evidence for the judge to consider, along with all the other evidence in the case, in determining a reasonable amount for support of the children.

In *Fuchs v. Fuchs, supra,* this Court held that *in the absence of evidence to the contrary,* there is a presumption that the amount mutually agreed upon in a deed of separation is just and reasonable and that a judge is not warranted in ordering an increase in the absence of *any* evidence of the need of such increase. Obviously an award for children's support should never be based solely on the ability of a wealthy father to pay. Such action would disregard both the rights of the father and the welfare of the children. Here, however, there is evidence that the amount agreed upon in the deed of separation was inadequate, considering the income of the defendant, the mode of life to which he had accustomed the children prior to the separation, and the station in life of the parties. In view of all the circumstances disclosed by the evidence in this case we cannot say that Judge McLaughlin abused his judicial discretion in fixing the amount he did for the support of the defendant's children. There is no contention that the allowance for the plaintiff herself is excessive. Assignment of error No. 6 is overruled.

The order of the court below is

Affirmed.